# Douglass-Whisler Brick Company, Appellant, *v.* Simpson.

*Equity—Compliance with decree—Attachments—Summary arrest.*

1. The general rule is well settled that a writ of attachment for the summary arrest and imprisonment of a party in a civil proceeding for contempt in violating an order or decree cannot issue without such previous notice as will afford him an opportunity of being heard. Damnatus inauditus is contrary to the general principles of judicial procedure. Cases of extraordinary emergency may, however, sometimes arise, and when they do, a strict observance of the rule as to notice might defeat the ends of justice and lead to deplorable consequences. Such emergencies are very rare, but when they do occur, and satisfactory cause is shown, a court may, in the exercise of a sound discretion, dispense with notice and forthwith award an attachment.

2. A writ of attachment issued against a defendant for the purpose of compelling him to comply with a decree in equity, without previous personal notice to the defendant of the decree against him, and without a rule to show cause why it should not issue, but solely upon petition of the plaintiff setting forth, inter alia, that, prior to the entry of the final decree against the defendant, he had absconded from the state; that he had absented himself from the state for the purpose of avoiding compliance with the decree; that he had recently come within the jurisdiction of the court, but was in hiding, and that his intention was to again leave the commonwealth for the purpose of avoiding compliance with the decree, is properly quashed upon motion made to vacate the order directing the attachment to issue where, upon full hearing, the plaintiff, though given the fullest opportunity, fails to establish any of the facts alleged in the petition as the basis of the right to the attachment.

Argued Oct. 12, 1911. Appeal, No. 169, Oct. T., 1911, by plaintiff, from order of C. P. Beaver Co., June T., 1908, No. 3, in case of The Douglass-Whisler Brick Company v. Wm. C. Simpson. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for attachment of defendant for contempt. Before HOLT, P. J.

The opinion of the Supreme Court states the case.

The court issued the attachment which it subsequently quashed. Plaintiff appealed.

*Error assigned* was in overruling exception to order quashing the attachment.

*Forest G. Moorhead*, with him *Edwin S. Weyand*, for appellant.—Where the defendant, by his absence, has prevented the service of the decree, then the court should not require the plaintiff to give notice before awarding the attachment: Fennel v. Goodman, 1 W. N. C. 469; New Brighton & New Castle R. R. Co. v. R. R. Co., 105 Pa. 13; Garis's App., 185 Pa. 497; Church's App., 103 Pa. 263; Wilson v. Wilson, 142 Pa. 247; Com. ex rel. v. Perkins, 124 Pa. 36; Respublica v. Oswald, 1 Dallas, 319; Ex parte Blumer, 86 Pa. 371; Wilvert's Est., 4 Pa. Dist. Rep. 514; Respublica v. Newell, 3 Yeates, 407; Bullock v. McDonough, 2 Pearson, 195; Thomas v. Cummins, 1 Yeates, 1; Ex parte Langdon, 25 Vt. 680; Ex parte Petrie, 38 Ill. 498; O'Callaghan v. O'Callaghan, 69 Ill. 552; Pitt v. Davison, 37 N. Y. 235; Thornton v. Davis, 23 Fed. Cas. 1147, Case No. 13,998; State v. Hansford, 43 W. Va. 773 (28 S. E. Repr. 791).

*J. F. Reed*, with him *William B. Cuthbertson*, for appellee.—In order to punish a person for contempt of court for violation of an order, judgment or decree of court, it must appear that such order, judgment or decree has been personally served on the person charged with contempt: Garis's App., 185 Pa. 497; Sillivan v. Whitmer, 173 Pa. 401.

OPINION BY MR. JUSTICE BROWN, January 2, 1912:

A writ of attachment was issued by the court below against the appellee for the purpose of compelling him to comply with the decree which we have this day affirmed: Douglass-Whisler Brick Company v. Simpson, ante, p.

515. It was issued upon the petition of the appellant, without previous personal notice to the appellee of the decree against him and without a rule to show cause why it should not issue. The general rule is well settled that a writ of attachment for the summary arrest and imprisonment of a party in a civil proceeding for contempt in violating an order or decree cannot issue without such previous notice as will afford him an opportunity of being heard. Damnatus inauditus is contrary to the general principles of judicial procedure. Cases of extraordinary emergency may, however, sometimes arise, and, when they do, a strict observance of the rule as to notice might defeat the ends of justice and lead to deplorable consequences. Such emergencies are very rare, but when they do occur, and satisfactory cause is shown, a court may, in the exercise of a sound discretion, dispense with notice and forthwith award an attachment: New Brighton & New Castle R. R. Co. v. Pittsburg, etc., R. R. Co., 105 Pa. 13. To bring itself within the exception to the general rule that required a previous personal notice to the appellee of the decree and a rule to show cause why an attachment should not issue against him for contempt, the appellant presented its petition to the court below setting forth, inter alia, that, prior to the entry of the final decree against him, he had absconded from the state; that he had absented himself from the state for the purpose of avoiding compliance with the decree; that he had recently come within the jurisdiction of the court, but was in hiding, and his intention was to again leave the commonwealth for the purpose of avoiding compliance with the said decree. There was no other averment in the petition that would have warranted the summary attachment upon which he was taken into custody by the sheriff. An answer was filed to the petition and a motion made to vacate the order directing the attachment to issue. Upon full hearing, the court below, having been convinced that the writ had been improvidently issued, quashed it, and of this the appellant complains.

But for the averments in the petition for the attachment, to which reference has been made, the learned court below would not have directed the writ to issue, and this properly appears in the opinion quashing it. The answer of the appellee specifically denied each of these averments, and, on the hearing of the motion to quash the attachment, there rested upon the appellant the burden to clearly establish the facts alleged in its petition as the basis of its right to the attachment under a departure from the general rule as to notice. Though given the fullest opportunity to do so, it failed to establish one of them. It examined five witnesses, the last being the appellee, called as under cross-examination, and, according to his uncontradicted testimony, each of the material averments in the petition was untrue. Instead of having absconded to avoid compliance with the decree entered against him May 13, 1910, he was compelled to go to Florida in the preceding March on account of ill health. He returned to Beaver county in April and remained there until the latter part of that month, waiting for the final decree, but on the last day of the month was compelled to leave again on account of continued ill health, and went to California. In October following he returned to his home in New Brighton for the purpose of looking after his property interests and taking an appeal from the decree against him, which the records show he took on November 3, 1910—the day the writ of attachment was issued. Instead of being in hiding he was upon the streets of New Brighton, Beaver Falls and Pittsburgh, and his return was announced by the public press. That he was not in hiding conclusively appears from his testimony— not contradicted by the sheriff—that when that officer rang the door bell, with the attachment in his hands, he himself answered the ring and opened the door. The learned chancellor, under the facts as developed on the hearing, promptly and properly quashed the writ of attachment, for it clearly appeared to him that there had not existed, as set forth in the appellant's petition, such

pressing necessity as warranted a departure from the general rule as to notice before issuing an attachment. He saw and heard the appellee and apparently believed his uncontradicted testimony. But, aside from this, in the face of the answer to the petition for the attachment, denying all of its material averments, the burden was cast upon the appellant to establish them and, as it utterly failed to sustain them, its petition fell. Whatever its suspicions may be, a court of equity cannot recognize them as a ground calling for a summary writ for the arrest of the appellee.

Appeal dismissed at appellant's costs.