Commonwealth of Pennsylvania *v.* Noll, Appellant.

Argued October 2, 1928. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*John McI. Smith*, of *Nauman and Smith*, and with him *W. S. T. Hurlock, Jr.*, for appellant.

*Arthur H. Hull*, of *Beidleman & Hull*, and with him *Robert T. Fox*, District Attorney, for appellee.

OPINION BY TREXLER, J., November 21, 1928:

The husband and wife separated in January, 1921, and an order was subsequently made directing the husband to pay to his wife the sum of $100 per month which amount was finally reduced to $60 on July 21, 1924. This is an application to have the order of support vacated.

The basis of the petition is that the husband has made a bona fide offer to receive his wife in his home and resume marital relations. In support of the petition, he produced a letter which read as follows: "Dear Margaret: I have considered all our troubles and am sorry that things have been as they have. I feel that for all concerned we should try again to live together as man and wife are supposed to and make the proper kind of a home for ourselves and our boy. I therefor ask you to come back to me as my wife and I agree and ask you to agree to make a good effort to forgive and try to forget all the past. I make this request in sincerity, with the intention of doing all I can towards living happily together hereafter. I also feel that if we are again to live together we should immediately decide to do so. Kindly give me an answer at an early date. This agreement is on condition that you willingly agree to the same efforts. Yours most sincerely, Earnest." The wife failed to answer this letter. Testimony was taken showing that the husband had made several visits to the house of his wife. It is shown that the husband in 1924

called at the residence of his wife, that he called in July, 1927, and again in November, 1927, and sometime in December, 1927. He saw her on one of these occasions. The parties and their witnesses were heard.

On one occasion he suggested reconciliation, but she was busy with some household task which required immediate attention and told him that she would talk with him at the lawyer's office. He did not follow up this offer and nothing further was done in that connection. Court and counsel for the parties viewed the case as involving but one question and that was whether the offer of reconciliation was bona fide. The court pointed out that this above letter is the same word for word, except a few very slight changes evidently made in copying, as that in Yetter v. Yetter, 45 Pa. Superior Ct. 332. It is rather singular that a husband desiring reconciliation with his wife, instead of expressing in writing his spontaneous desires to resume relations, goes and copies a letter out of a law report. The court below evidently was not inclined to establish the precedent that any husband wishing to prove the bona fides of this offer of reconciliation might meet the requirements by following the form which is found in the above case.

In his divorce proceedings, the husband accused the wife of improper conduct with certain men. As the divorce was refused, we assume the charges were groundless. Was it not incumbent upon the man addressing the wife against whom such charges were made to at least retract them? He must have known that the chances of a continuance of the resumption of marriage relation would be greatly diminished if he persisted in the thought that his wife had been unfaithful and if the wife knew that he still held such opinion. The lower court properly considered these things in determining the good faith of the husband.

The question was raised as to whether the court

erred in refusing to accept the testimony as to the relations of the husband and wife prior to the filing of the petition of rule to show cause why the support order should not be vacated. The fact that the husband was obligated to pay his wife the sum which the order called for had been adjudicated so far as applying to facts then existing. Afterwards when the wife was asked why she did not desire to live with her husband, she replied that she was afraid. It was, we think, proper to inquire why she was afraid and to allow her to state the reasons. On all the evidence presented, we agree that the conclusion of the court is amply supported.

The assignments are overruled and the judgment is affirmed.