## Commonwealth ex rel. Ritter, Appellant, v. Ritter.

*Husband and wife—Order for support—Petition for reduction—Evidence.*

An order reducing the amount to be paid by a husband to his wife, under an order of support previously made, will be set aside, where it appears that such order was not supported by competent evidence received in open court.

Where the report of an investigator is given as one of the reasons for the action of the court, it is essential that the investigator be sworn and be subjected to cross-examination.

Argued October 19, 1927. Appeal No. 220, October T., 1927, by plaintiff from judgment of M. C. Phila-

564   COM. ex rel. RITTER, Appellant, v. RITTER.

Statement of Facts—Opinion of the Court.   [91 Pa. Superior Ct.
delphia County, May T., 1926, No. 1967, in the case of
Commonwealth ex rel. Mary A. Ritter v. Harry J.
Ritter.   Before PORTER, P. J., HENDERSON, TREXLER,
KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Re-
versed.

Petition to reduce order of support.   Before BONNI-
WELL, J.

The facts are stated in the opinion of the Superior
Court.

The court revoked the order of support.   Relator
appealed.

*Error assigned,* among others, was the order of the
Court.

*Benjamin H. Linton,* for appellant.

*George Phineas Aarons,* for appellee.

OPINION BY KELLER, J., November 21, 1927:

The original order made by the Municipal Court in
this case was that the defendant pay his wife, for her
support, the sum of twenty-five dollars a week.   In
July, 1926, this was reduced to fifteen dollars a week.
On April 13, 1927, the defendant presented a petition
setting forth that he had had no employment for a
week, that he resided with his father and mother on
North Broad Street, that he was indebted to his mother
for board and sustenance, and that his father was an
invalid and incapacitated from working and was a
charge upon the defendant, which he was unable to
meet, and praying that the order be still further re-
duced to seven dollars per week.   At the hearing which
followed on April 26th, no testimony was taken.   The
record shows a colloquy between counsel in which de-
fendant's attorney made certain statements in line

with some of the averments in the petition, but no witnesses were sworn and examined in open court. The remarks of counsel were not evidence. The judge refused to proceed until the arrears under the order, which the defendant had falsely alleged had been faithfully complied with, were paid, and adjourned the hearing until he could confer with the judge who had entered the prior order. On May 10th, while the defendant was still in arrears, the hearing was resumed and after the defendant had testified that he was out of employment and had had no work for five weeks, the court revoked the order, stating that a woman without children was not entitled to more than twenty dollars a week, when she made that much by her own work; and refused to hear further testimony or permit the relator's counsel further to cross-examine the defendant as to the averments in the petition.

In the opinion filed by the learned court in support of the order of revocation, it is stated that the report of the court's investigator showed that the wife was employed as a hairdresser and earned about twenty dollars a week. But there was no testimony on the subject and the report of the investigator was not evidence. The record before us fails to show that he was present at the hearing and was sworn and testified. That is the only way such an investigator can give competent evidence. Counsel has a right to cross-examine him, just as any other witness, and sift his testimony to find out on what basis of fact it rests. If it was based on an alleged admission of the wife, she was entitled to an opportunity to testify and to deny or explain the statement. An order based on such a report and not supported by competent evidence received in open court cannot stand.

By its order of July 29, 1926, the Municipal Court has adjudicated the right of this wife to support from her husband, and fixed the amount at fifteen dollars a

week.   The burden of producing competent evidence justifying a reduction or revocation of that order rests on the defendant.   Temporary loss of employment does not justify a revocation; it may, at most, relieve him from attachment, for failure to comply with the order. Nor does the fact that a man is assisting in the support of his father justify him in failing to support his wife.   The obligation to the wife comes first.   The petition in this respect is indefinite, not to say conflicting.   It insinuates, but carefully refrains from averring, that the defendant is obliged to help support his father.   But, if he is living at the home of his parents and owes his mother for his own board and sustenance, it is a little difficult to find that his failure to obey the court's order for the support of his wife is due in any degree to his generosity to his father.

We mention these things only for the purpose of illustrating how necessary it is in such an application that the usual procedure in courts of justice be followed, that the witnesses be heard in open court, and that the order be based only on the evidence so received.

The first and third assignments of error are sustained.   The order of the court below is reversed and the record is remitted for further hearing.