## Toogood, Appellant, v. Toogood.

*Divorce—Desertion—Justifiable desertion.*

In a libel for divorce on the ground of desertion, respondent testified that she withdrew from her husband's home because he struck and otherwise abused her, used vile language to her and refused to supply her with money for food and clothing for herself and her children.

In such case the ill treatment of respondent by her husband constituted a reasonable cause for her desertion, and a decree of divorce was properly refused.

Argued April 30, 1928. Appeal No. 7, April T., 1928, by libellant from decree of C. P., Allegheny County, No. 642, January T., 1927, in the case of Rex Earl Toogood v. Ethel Augusta Toogood. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Libel in divorce. Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

The court refused the divorce. Libellant appealed.

*Error assigned* was the decree of the court dismissing the libel.

*Thomas M. Benner,* for appellant.—The evidence was sufficient to establish wilful desertion: Butler v. Butler, 1 Parson 329; May v. May, 62 Pa. 206; Smith v. Smith, 73 P. L. J. 583; Ingram v. Ingram, 58 Pa. Superior Ct. 522; Greims v. Greims, 87 Pa. Superior Ct. 312; McClurg's Appeal, 66 Pa. 366; Gordon v. Gordon, 208 Pa. 186; Buss v. Buss, 5 D. & C. 309.

*Walter P. Smart,* and with him *L. K. & S. G. Porter,* for appellee.—Evidence of desertion was insufficient to justify a decree in divorce: Litch v. Litch, 89 Pa. Superior Ct. 15; Walter v. Walter, 83 Pa. Superior

Ct. 16; Price v. Price, 83 Pa. Superior Ct. 446; Goldberg v. Goldberg, 89 Pa. Superior Ct. 319.

OPINION BY KELLER, J., July 12, 1928:

This was an action of divorce brought by a husband on the ground of wilful and malicious desertion persisted in since June 17, 1923. The judge who heard the testimony refused to grant the divorce. The parties were married on November 29, 1912, and in the ten and a half years elapsing before their separation the respondent bore eight children. Of these, two, the oldest and the youngest, both girls, are living; the second child, a boy, died at the age of 18 months; and five were stillborn. The oldest girl is mentally defective.

The learned judge of the court below decided that the case was not one of wilful and malicious desertion on the part of the wife; that her life with the libellant was intolerable, and that she was justified in leaving him.

Our review of the evidence leads us to agree with the court below. It fails to establish to our satisfaction a wilful and malicious desertion of the libellant by the respondent; and a divorce is not to be granted unless the ground for divorce alleged in the libel is clearly established: Stewart v. Stewart, 88 Pa. Superior Ct. 1, 6.

Her withdrawal from the common home followed six months after the birth of her last child. Libellant had struck her when she was five months pregnant the last time and did so again when the child was only a few months old. When in the pains of labor, at four o'clock of a December morning, she had to go across the street to telephone for her doctor because her husband refused to do so. The doctor arrived before five o'clock and took her to the hospital, where the child was born at nine o'clock that morning. Libellant never visited her during her two weeks at the

hospital, or saw her at her mother's, where she went on leaving the hospital, though the houses were only four squares apart. And when he telephoned her to come home, she arrived with two helpless children, no help, and no fire or food in the house. When she asked for money for clothes he refused and suggested that if she wanted clothes she could go out and earn them in an indecent way. She left him the next day. This was the culmination of a course of abuse, calling of vile names, accusing her of stealing money from his friends and relatives, persisted in to the day of the hearing, charging her with being responsible for the mental condition of the defective child and the death of the boy. Furthermore, after the date of the alleged desertion and her return to her mother's home, she expressed her willingness to return and live with him, and with that end in view went with him to look at a number of houses for rent, none of which suited him; and on numerous occasions, when he took her and the children out in his automobile during the seven months next following the separation, she had marital relations with him in the hope that it would bring them closer together and result in a home for their children. It is not necessary to give further details. Every case in divorce must rest on its own facts, and it is difficult, at times, to compress the evidence on which a conclusion is founded within the limits of an opinion, and yet state the facts sufficiently at length to distinguish it from other cases. The evidence in the case, not the summary of it in the opinion, is, after all, what governs. We are not satisfied that in the circumstances of this case the respondent's departure constituted a wilful and malicious desertion, or was without reasonable cause, or that it was persisted in for two years from the date set in the libel.

The decree is affirmed at the costs of the libellant.