Commonwealth of Pa., Appellant, *v.* Varner.

Argued September 26, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Edward Knuff*, Assistant District Attorney, and with him *D. P. Weimer*, District Attorney, for appellant.

No printed brief or appearance for appellee.

Opinion by Linn, J., October 28, 1931:

The Commonwealth appeals from the dismissal of a petition for a rule on Grant Varner to show cause why he should not be attached for default in complying with an order to support his deserted wife. She filed the petition, alleging that Varner had been ordered by the court to pay her $50 per month (presumably, pursuant to the Act of April 13, 1867, P. L. 78); that he was in default to the extent of $400; was regularly employed; that she was without support and liable to become a charge upon the county. The petition was filed March 30, 1931, and on the same day, the court made the following order: "Within petition

read and considered; prayer of petitioner refused, for the reason that we are already advised as to the physical condition of defendant.''

Pursuant to rule 58, an opinion was filed by the learned court below, explaining the reason for making the order, and, among other things saying: ''This court has been making use of probation officers to assist in taking care of domestic relations cases and, during the first part of the month of March, a letter had been received from the defendant, a copy of which is attached to this opinion. Following the receipt of this letter, an investigation was made by the probation officer and the statements of fact as to the condition of health and employment of the defendant verified, so that, when the petition in question was presented, we were already informed that the defendant's physical condition was and has been such that we were not willing to punish him for contempt of court. Such matters, as we understand, are for the discretion of the court and not for the judgment of the party in whose interest the order is made, nor is there any right in the party in whose behalf the order has been made to demand a rule for an attachment, especially where the court has already informed itself of the condition of the defendant.''

Appellant contends that the petition set forth a prima facie case for attachment pursuant to the statute; that as the averments of the petition were not challenged by answer or otherwise, the court exceeded its authority in refusing the prayer of the petition, and particularly, in refusing it without a hearing; that the court was without authority to rely on reports of a probation officer, (as stated in the opinion) without affording the Commonwealth opportunity to examine the officer or otherwise test the truth and relevancy of his alleged reports.

The pertinent statute is the Act of May 14, 1925,

P. L. 762, 787, applying throughout the state, except in counties of the first and second classes. Section 1013, P. L. 787, provides: "In all cases where an order has been made by the court of quarter sessions for the support of a ...... wife, ........ and the said order ...... has not been complied with by the person on whom the said order has been made for a period of thirty days, the court of quarter sessions wherein the said order shall have been made, or any judge thereof upon affidavit or petition filed, setting forth that the person on whom the said order has been made had not complied with the said order, shall issue an attachment directed to the sheriff or other proper officer of the county directing and commanding that the person named as having failed to comply with said order be brought before the court forthwith or at such other time as the court may in its discretion direct. Whereupon if it shall appear to the court after hearing that the person on whom the said order was made has wilfully neglected to comply with the said order upon him the court may adjudge said person in contempt of the court."

It will be observed that the legislature has directed that when a petition, containing the necessary averments described in that section, is presented (the petition in this case appears to be sufficient), the court "shall issue an attachment." It is not material in this case that, instead of asking for an attachment, the petition prayed for a rule to show cause why an attachment should not issue; indeed, as in the practice developed in other contempt proceedings (cf. Douglass-Whisler Company v. Simpson, 233 Pa. 517, 519; Commonwealth ex rel. v. Perkins, 124 Pa. 36, 41); and in habeas corpus proceedings, (cf. Williamson's Case, 26 Pa. 9; Commonwealth ex rel. Greevy v. Reifstock, 271 Pa. 441, 444) it would seem desirable to invoke the statute by petition for a rule to show cause instead

of by a peremptory motion for attachment, for, even on such motion, the court would, in any case, sufficiently comply with the statute in the first instance, by granting a rule to show cause in order to bring on or, at least, afford opportunity for, a hearing to determine, before arresting the defendant, whether a case for attachment within the statute was presented.

The Act of June 12, 1913, P. L. 502, section 3 authorizes the appointment of desertion probation officers "for the performance of such duties as the court shall direct; . . . . . . to furnish to the court such information and assistance as the court may require . . . . . ." We assume that the opinion of the court refers to reports received from an officer so appointed, and now make no point of the fact that the reports were made before the petition was filed. But that statute does not attempt to destroy the right to hearing or trial in which a party shall be confronted by the witnesses against him or her. In Commonwealth ex rel. v. Ritter, 91 Pa. Superior Ct. 563, 565, we said: "In the opinion filed by the learned court in support of the order of revocation, it is stated that the report of the court's investigator showed that the wife was employed as a hairdresser and earned about twenty dollars a week. But there was no testimony on the subject and the report of the investigator was not evidence. The record before us fails to show that he was present at the hearing and was sworn and testified. That is the only way such an investigator can give competent evidence. Counsel has a right to cross-examine him, just as any other witness, and sift his testimony to find out on what basis of fact it rests. If it was based on an alleged admission of the wife, she was entitled to an opportunity to testify and to deny or explain the statement. An order based on such a report and not supported by competent evidence received in open court cannot stand."

154

We recognize, of course, that the learned court below acted with complete good faith in disposing of the case as described, and that ultimately, perhaps the facts stated by the respondent in his letter, may be found to be true, and may justify the court, in the wise exercise of judicial discretion (Commonwealth ex rel. v. Heston, 292 Pa. 63, 65), in refusing to commit the defendant for contempt; but the proceeding, in view of the statute, cannot be disposed of as summarily as it was.

As a prima facie case had been stated in the petition, due process required that the rule to show cause be allowed to afford opportunity to put the allegations in issue, or otherwise to bring on a hearing. The order appealed from is reversed; the record is remitted with instructions to grant the rule and to proceed accordingly.