## Com. ex rel. Mark *v.* Mark, Appellant.

Argued September 24, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD and PARKER, JJ.

*Wm. A. Carr* of *Carr & Krauss*, for appellant.

*Algernon R. Clapp* of *White, Schnader, Maris & Clapp,* and with him *C. L. Cushmore, Jr.,* for appellee.

PER CURIAM, November 22, 1934:

This was a writ of habeas corpus issued at the relation of Claire Mark against her husband, Joseph De-Roy Mark, for the custody of their five year old son.

The judge of the municipal court, who heard and decided the matter, based his decision in part "upon information derived by interviewers of our court and the probation officers." This he had no right to do unless the persons from whom such information was derived were called as witnesses and testified, subject to cross-examination: Com. ex rel. Ritter v. Ritter, 91 Pa. Superior Ct. 563. We said in that case: "In the opinion filed by the learned court in support of the order of revocation, it is stated that the report of the court's investigator showed that the wife was employed as a hairdresser and earned about twenty dollars a week. But there was no testimony on the subject and the report of the investigator was not evidence. The record before us fails to show that he was

present at the hearing and was sworn and testified. That is the only way such an investigator can give competent evidence. Counsel has a right to cross-examine him, just as any other witness, and sift his testimony to find out on what basis of fact it rests.''

The ''information derived'' from the court interviewers and probation officers is not before us. It may be only hearsay, based on hearsay. It does not become competent evidence merely because given by employees of the court; and the court has no right to base its order on anything but the competent evidence in the case.

The Act of July 11, 1917, P. L. 817, requires this court on appeals involving the custody of children to ''consider the testimony and make such order upon the merits of the case, either in affirmance, reversal, or modification of the order appealed from, as to right and justice shall belong.''

We cannot do this where the order appealed from is based, even in part, on reports, or information, which were not competent evidence and form no part of the record.

We shall not pass on the merits of the case until we have before us an order based wholly on competent evidence, all of which appears in the record.

The order is reversed at the costs of the relatrix.