## Commonwealth ex rel. McClenen, Appellant, *v.* McClenen.

Argued April 19, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*William T. Connor*, with him *John R. K. Scott*, for appellant.

*Maurice S. Levy*, for appellee.

Opinion by Keller, P. J., July 15, 1937:

This was a proceeding for support brought by a wife against her husband under the Act of April 13, 1867, P. L. 78.

The defense was that the wife on July 7, 1933 had entered into a written agreement with the husband, which recited that due to marital differences she was about to leave his abode, and provided that the husband should pay his wife the sum of $1,100, ($600 down and the balance in monthly installments of $100 each, beginning August 1, 1933), and that she should have the furniture located in their home, 6739 North Carlisle Street, Philadelphia, except one bedroom suit, one rug and the piano; and that "The above payments are only in lieu of and in full settlement of all claims which the said Norma B. McClenen now has, or in the future may have for support and maintenance of herself."

It was shown at the hearing, on behalf of the wife, that the agreement was prepared by the husband's attorney and was signed by the wife at his office, without her being represented by counsel; that the husband had left her in 1932, and was then a coal broker in receipt of an income of about $6,000 a year—he admitted when called as on cross-examination, to an income of from $3,600 to $4,000—and owned securities, coal land and other property, of what value was not stated; that she had lived in the homestead without heat, light or maintenance for a year and a half before she signed the agreement and at the time she signed it was told she would get nothing from him unless she did sign it and went back to her home in Columbus, Ohio; that she was also told that she must sign a deed for the house, 6739 North Carlisle Street, as her husband wanted to sell it, but was not told, and did not know, that the title to the house stood in their joint names as tenants by entireties. This house was worth from $7,500 to $9,000 and was unencumbered. The husband did not sell the house but had it transferred into his own name and still retains it and lives in it. Of the wife's present need for support, there is no question.

Neither the husband nor his attorney took the witness stand and denied the testimony of the wife or presented evidence in rebuttal of it; but the court feeling that it was bound by the written agreement between the parties dismissed the proceeding, without going into the reasonableness of the agreement or the circumstances under which the wife's signature to it was obtained, and without making any definite findings with regard to them.

The Supreme Court and this court have ruled in a number of cases that separation agreements between husband and wife are valid and will be upheld where they were entered into without fraud or coercion, were reasonable, and have been actually carried into effect

in good faith. See *Com. v. Richards,* 131 Pa. 209, 18 A. 1007; *Com. v. Smith,* 200 Pa. 363, 49 A. 981; *Frank's Est.,* 195 Pa. 26, 45 A. 489; *Adams v. Adams,* 32 Pa. Superior Ct. 353; *Hall v. Hall,* 97 Pa. Superior Ct. 429. But the cases make it clear that the court has not only the right but the duty, in a proceeding of this kind, to inquire into the circumstances attending the execution of the agreement of separation and will enforce its terms only if it meets the conditions above stated. In *Com. v. Richards,* supra, the Supreme Court in reversing the court below, which had refused to give effect to such an agreement when presented as a defense in a proceeding under the Act of 1867, said (p. 220) : "If the deed of separation was fraudulently procured and the terms were unreasonable, or if after its execution it had become null and void by the acts of the parties, these facts should have been shown," and awarded a procedendo, so that such proofs, if available, could be presented. In *Com. v. Smith,* supra, a similar proceeding, the Supreme Court said: "A deed of separation, not fraudulently procured, the terms of which are not unreasonable, and which has not become null and void by the acts of the parties, is a bar to a proceeding like this; but whether these conditions exist in any particular case, must always be, on all the facts as developed, for the court below, and not for us. The Superior Court properly entertained this view." In that case, (see the fuller report in 13 Pa. Superior Ct. 358, 360) the lower court held that the terms of the separation agreement were not reasonable and its order, directing the husband to support the wife, was affirmed. In *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 454, 188 A. 551, Judge ROSEN of the Municipal Court held that the terms of the separation agreement in that case were unreasonable. Of the cases relied on by appellee, *Hall v. Hall,* supra, was an action in assumpsit brought by the wife in enforcement

of the agreement; and *Adams v. Adams,* supra, was a bill in equity brought by the wife for specific performance of the agreement. So was *Stull v. Stull,* 126 Pa. Superior Ct. 255, 191 A. 187. In *Frank's Est.,* supra, the agreement was upheld on the showing that the wife suggested the separation and dictated the terms of the article of separation after consulting with her sister's husband, and because no fraud, coercion or concealment on the part of the husband was shown. She knew the property he possessed at the time of the separation, and there was no evidence that the provision made for her was unreasonable, or that the $60,000 estate of which he died possessed twenty-six years later was his at the date of the separation.

We think the evidence of the wife, in this case, was sufficient to require an explanation from the husband and his counsel as to the circumstances attending the execution of the separation agreement, why she was not represented by counsel; some affirmative proof that her signature to the agreement was not obtained by coercion or fraud; and that the provisions for the support of the wife were reasonable, having regard to the income of the husband and the respective estates of the parties. Unless it appears from the testimony of the husband and his counsel that full and frank disclosure of the former's financial circumstances was made to the wife, that she was fully informed of the nature of her estate by the entirety in the dwelling house which she was asked to sign away, and full explanation given of the circumstances attending the execution of the agreement, showing the reasonableness of its terms, by which for a cash payment of $1,100, and the retention of certain furniture she parted with all right of support for the future and also relinquished her equal interest in unencumbered real estate worth from $7,500 to $9,000, the agreement should not stand. And if it was brought about by threats or by a refusal to con-

tribute to her support unless it was executed, it should not be enforced as a defense in this proceeding. The execution must be voluntary, in the sense that it was not constrained by threats or necessity; there must be no fraud or withholding of information necessary to a fair and just decision on the question of its reasonableness. Since the Act of April 18, 1919, P. L. 72, the testimony taken in the court below is to be reviewed by us on appeal, as a part of the record, and we fail to find anything in the record which rebuts or explains the evidence of the appellant attacking the reasonableness of the terms of the separation agreement or contradicting her testimony of the circumstances indicating fraud and coercion in its procurement. The judge who heard the case seemed to feel that he was obliged to refuse an order of support "because of the fact that there is an agreement" (p. 25a), and, therefore, did not go into a hearing on the real matter involved, viz., whether the agreement, in the circumstances of its execution, was reasonable in its terms and had been signed by the wife without any fraud or coercion on the part of the husband or his counsel inducing such signature; and made no findings on these material questions of fact.

In his opinion filed pursuant to our rule of court No. 58, the judge who heard the case went out of the record in this proceeding and referred to matters not before us for consideration, some of them apparently obtained from court investigators, who were not sworn as witnesses nor subjected to cross-examination, and whose reports should not have been given consideration by the judge in this proceeding: *Com. ex rel. Ritter v. Ritter,* 91 Pa. Superior Ct. 563, 565; *Com. v. Varner,* 103 Pa. Superior Ct. 149, 153, 156 A. 545; *Com. ex rel. Mark v. Mark,* 115 Pa. Superior Ct. 181, 182, 183, 175 A. 289. Furthermore, the judge attempted to do after the hearing what he had not done at the hearing, to wit, make findings in support of his decision.

This he could not do. The orderly course was to have a full hearing on the merits, make findings of fact from the evidence received in court, and on the basis of those findings, enter a decision and order. The evidence of the appellant, in our opinion, was such as to require a full explanation of the transaction by the appellee and his counsel.

The order is reversed ,and the record is remitted to the proper court for further hearing, findings of fact and order based thereon, in accord with the practice outlined in this opinion.