Com. ex rel. Boysen *v.* Boysen, Appellant.

Argued September 28, 1938.

Before KELLER, P. J., CUNNINGHAM,

330

BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*James R. Wilson,* with him *William J. Wilson,* of *Wilson & Wilson,* and *William F. Zinger,* for appellant.

*Irving J. Katz,* for appellee.

OPINION BY PARKER, J., November 22, 1938:

This is a proceeding brought by a wife against her husband for support under the Act of April 13, 1867, P. L. 78 (18 PS § 1251). The defense interposed by the husband was that after this action was brought he "requested his wife to go with him and told her he would set up a home for her" and that she declined the offer.

While the evidence is very meager and consisted of the testimony of the husband and wife only, there was practically no conflict in the material testimony. The parties were married August 23, 1928 and lived together at Pennsville, New Jersey, for about two months, when by agreement the wife returned to the home of her parents, the marriage relations continuing until July 5, 1931. At that time there was some disagreement and the husband left his wife and their common abode. He sent her $50 a month for her support for about six months. He then severed all relations with her; she did not hear from him nor know his whereabouts until

March 18, 1938 when this action was begun, a period of more than six years. At the time of the hearing, defendant admitted he was earning from $25 to $30 per week and sometimes more. He testified that he had no complaint as to his wife's conduct but that his mother-in-law interfered in their affairs. In response to a question of his counsel, defendant stated that he would take his wife back and set up a separate home for her if she would return. The wife declined to accept the offer as made. The court below made an order requiring defendant to pay his wife the sum of $5 per week.

Since the Act of April 18, 1919, P. L. 72 (12 PS § 1165) the testimony taken in the court below is to be reviewed by us on appeal as part of the record: *Com. ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 476, 193 A. 83. The effect of this legislation is to place upon the appellate court the duty of ascertaining whether there was evidence to sustain the order of the court below: *Com. v. MacMaster,* 88 Pa. Superior Ct. 37, 38.

We have no doubt that the testimony of the wife corroborated by that of the husband was sufficient to sustain a finding by the court that the parties were married and that Boysen separated himself from his wife without reasonable cause and neglected to support her for more than six years. That was the situation when this action was begun and that evidence was in itself sufficient to sustain the order made by the court: *Com. v. MacMaster,* supra (p. 38).

The appellant urges the proposition that the court below should have postponed making an order in order to test the sincerity of defendant's offer to resume marital relations with his wife. This suggestion ignores the factual situation, particularly that it was the defendant who was at fault; at least we must so assume for the present. Defendant had persisted in a separation from his wife for more than six years and during that

time he had neglected to contribute anything for her support and the offer to resume their normal relations came after he was faced with a prosecution for unlawful separation and non-support. Even then he made a half-hearted offer when the prosecution was under way. If he is acting in good faith and sincerely desires to perform his duty, the door is not closed to him. The court made a very moderate and wise order. The small amount allowed will not be sufficient to encourage a continuation of the unhappy situation. We see no reason why the court should have deferred making the order, for when the prosecution was started defendant was clearly liable for her support. As we view the offer of defendant made pursuant to leading questions of his counsel, it resembles those situations, on which we have frequently commented, where a spouse sends a written offer of reconciliation and keeps a copy of the letter for the purpose of providing evidence in a future contest *(Com. v. Noll,* 94 Pa. Superior Ct. 386, 388). This is not the way persons actuated by sincere and candid motives present their suits.

The state has an interest in preserving the marriage relation, but a mutual respect and consideration is essential to domestic harmony and an enduring relation. The parties to the marriage relation are human and it is to be expected each will act toward the other in a normal manner. As the court below had said, there is nothing to prevent this defendant from making a sincere effort to atone for the wrong he has done and make a normal proposition to his wife herself, accompanied by such evidences of candor as are to be expected in such a situation. It is not fair to the wife that she should be required to answer a categorical question without more evidence of good faith than was here displayed.. If this separation was a wilful and malicious desertion and was persisted in for two years, the wife was entitled to a divorce and it was only fair that she

should have an opportunity to canvass the whole situation before making a final decision. If the defendant in sincerity and in truth desires a reconciliation and pursues a proper course to disclose that desire to his wife, the law will protect his rights just as it will protect the rights of the wife. We are all of the opinion that the evidence supports the order.

Order affirmed, costs to be paid by the appellant.