Commonwealth ex rel. Knode *v.* Knode, Appellant.

2

Argued May 8, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, HIRT and KENWORTHEY, JJ.

*John S. Van Kirk*, with him *William Black*, for appellant.

*Samuel G. Wagner*, of *Wagner & Wagner*, with him *Harry Shapera*, for appellee.

PER CURIAM, June 30, 1941:

Testimony taken in court on a hearing relative to an order for support is a part of the record, to be sent up on appeal with the rest of the court papers: Act of April 18, 1919, P. L. 72. It is not taken for the convenience or accommodation of the judge, and its certification as part of the record is not a matter of grace or favor.

On January 25, 1939, pursuant to a complaint made by Adeline Knode against John T. Knode, her husband, for non-support, the County Court of Allegheny County

entered its decree adjudging the defendant guilty of non-support as charged in the information and ordering him to pay to the desertion probation officer appointed by the court the sum of $80 per month for the support of his wife.

On July 25, 1940, he filed his petition asking that the order of support be vacated on the ground that the prosecutrix was not his lawful wife. A rule was granted which came on for a hearing on September 18, 1940, and was dismissed. A motion by defendant for a rehearing and reconsideration of the case was refused on October 9, 1940 and this appeal was taken by him on October 25, 1940.

The court below was entirely right in holding that, for the purposes of these proceedings, the fact of the defendant's marriage to the prosecutrix had been adjudicated by the order for support entered January 25, 1939. At the hearing held that day the prosecutrix testified that she married the defendant on September 29, 1918 and that they had lived together as man and wife until May 20, 1938. He did not deny the marriage nor appeal from that order. He cannot now, for the purposes of this case, deny that he married the prosecutrix as testified to by her: *Com. ex rel. May v. May,* 77 Pa. Superior Ct. 40; *Com. v. Knobloch,* 89 Pa. Superior Ct. 216; *Com. ex rel. Iacovella v. Iacovella,* 121 Pa. Superior Ct. 139, 182 A. 727; *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 188 A. 551. But if at the date of that marriage the prosecutrix was incompetent to marry him, or anybody else, because of her then having a lawful husband living, from whom she had not been divorced, and her incompetency to marry existed during the entire time the parties lived together as husband and wife, the defendant should be permitted to prove it and be relieved of the duty of supporting some other man's wife. The incompetency to marry in such case resulted from her own act and was not caused by

4

any act of the defendant. It differs in this respect from at least some of the cases cited above.

The presiding judge refused to permit any inquiry into the alleged marriage of the prosecutrix to another man or men, unless the defendant first heard or learned of it *after* January 25, 1939. In this we think he went too far. Until defendant had such proof of the fact as would be admissible as evidence in a court of law, he would not be justified in raising the question, and he should not be precluded by his earlier failure to do so. We do not mean to hold or even suggest that the defendant produced such proof at the hearing on September 18, 1940. But he was not allowed to go into the matter. Mere proof of a marriage between Adeline Landis and George Shoop or Lewis Charles Siegler prior to September 29, 1918, when she married defendant, would not prove her incapacity to marry him on that date; and even if such incapacity existed then, it might have been removed by the death or divorce of her legal husband during the period she and defendant lived together as man and wife, and the marriage confirmed after her incapacity was removed.

We hold only that defendant should have been given an opportunity to prove his case and not have had it foreclosed before he even began.

The burden of proof resting on him is not a light one, but he is entitled to a chance to fulfill it if he can.

We may further add—what is sometimes overlooked—that reports of *investigators or agents* of the court in such matters are not admissible or usable as evidence. The witnesses themselves must be produced, sworn and examined, and be subject to cross-examination, just as all other witnesses: *Com. ex rel. Ritter v. Ritter,* 91 Pa. Superior Ct. 563, 565; *Com. v. Varner,* 103 Pa. Superior Ct. 149, 153, 156 A. 545; *Com. ex rel. Mark v. Mark,* 115 Pa. Superior Ct. 181, 182, 175 A. 289; *Com. ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 476, 193 A. 83.

The orders of September 18, 1940 and October 9, 1940, so far as they relate to the matters now under consideration, are opened and the record is remitted for further hearing and consideration along the lines above referred to.