## Commonwealth *v.* Sincavage, Appellant.

458

Argued September 30, 1943. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ. (STADT-FELD and RENO, JJ., absent).

*Henry Houck,* for appellant.

*G. Harold Watkins,* of *Hicks & Watkins,* with him *C. A. Whitehouse,* District Attorney, for appellee.

OPINION BY HIRT, J., November 10, 1943:

This is an action brought by the wife for her support under §733 of the Act of June 24, 1939, P. L. 872, 18 PS 4733, in substance, a reenactment of the Act of April 13, 1867, as amended. *Com. v. Shankel,* 144 Pa. Superior Ct. 476, 19 A. 2d 493. She was married to the defendant in March 1939. Each has grown children by

a former marriage. Following their marriage they lived together in a house owned by defendant in Middleport until December 25, 1941, when the final separation occurred. After hearing, the court ordered defendant to pay his wife $45 monthly for her support. Defendant, a coal miner, earns upwards of $200 per month; the order, therefore, is not excessive in amount. In this appeal, however, he questions his liability for support in any amount contending that the separation at its inception was voluntary and that the wife without just cause has refused to resume cohabitation. The wife on the other hand maintains that defendant forced her to leave his home against her will. Such conduct, if established, constitutes 'reasonable cause' and does not charge the wife with desertion. *Toogood v. Toogood,* 93 Pa. Superior Ct. 603.

The wife's testimony is that on Christmas day 1941, she went to visit her daughter in Frackville with the consent of defendant; that when she returned three days later he and his daughter, who had recently returned to his home, assaulted her and defendant then ejected her from his house and in effect told her not to return. The wife testified that she had sold a business, conducted by her before her marriage, for $1,600; that all of this money had been used by defendant to buy an automobile and, when that was wrecked, for the purchase of a second car, title to which was registered in both their names. After her eviction the wife gained possession of the automobile then owned by them. In March 1942 there was an agreement between the parties to resume cohabitation. The wife then returned the car to defendant for the purpose of finding a suitable house in Mahanoy City as agreed, but according to her testimony his promise apparently was but a subterfuge to regain possession of the automobile; he never established a new home nor requested his wife to return to their former home in Middleport. Defendant denied that he had assaulted his wife or that he had driven her from his

home and at the hearing expressed a willingness to resume cohabitation.

The only sufficient cause justifying a husband's refusal to support his wife is conduct on her part which would be a valid ground for divorce. *Com. v. Henderson*, 143 Pa. Superior Ct. 347, 17 A. 2d 692. A voluntary withdrawal of a wife from her husband without adequate legal reason defeats her right to an order of support *(Com. of Pa. v. Bachman*, 108 Pa. Superior Ct. 422, 164 A. 833) for a wilful and malicious desertion will be presumed. *Whelan v. Whelan*, 183 Pa. 293, 38 A. 625. But if the separation is with the consent of the husband, the wife nevertheless is entitled to support until his consent is withdrawn.

Our duty is to ascertain whether there is evidence to sustain the order of the court below on any valid ground. *Com. ex rel. Boysen v. Boysen*, 133 Pa. Superior Ct. 329, 2 A. 2d 558. The court found defendant's testimony "lacking insofar as it fails to show a wilful and malicious desertion on the part of the wife." We are in accord with this conclusion. We think the evidence was sufficient to support a finding that relator was excluded from the home of defendant by his conduct, justifying the order of support. It is not fatal to her right to support, however, that the opinion of the court indicates that the order is not based on that ground. The only alternative, under the evidence and the order is that the separation throughout was with the consent of defendant. It therefore was the obligation of the defendant to make a reasonable effort to have his wife return to his home *(Arnout's Estate*, 283 Pa. 49, 128 A. 661), in good faith, looking toward the resumption of the family relation, if he would escape liability for her support. *Detz v. Detz*, 145 Pa. Superior Ct. 136, 21 A. 2d 424. Proof of good faith is lacking. The evidence indicates that the defendant had failed to perform his agreement to reestablish a home in

March 1942 and his bald offer to resume cohabitation made at the hearing was unavailing. In the light of his past conduct and the absence of more evidence of good faith in the offer than was here displayed, the statement of the wife at the hearing that she is unwilling to return to her husband "because he will chase me out again" does not charge her with desertion, defeating her right to support. *Com. ex rel. Boysen v. Boysen,* supra.

The weight of the evidence, under the attending circumstances, is with the relator and we find nothing justifying a reversal.

Order affirmed.