## Commonwealth ex rel. Oncay, Appellant, *v.* Oncay.

Argued November 18, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*Rowland C. Evans, Jr.,* of *Krusen, Evans & Shaw,* for appellant.

*Daniel Marcu,* for appellee.

PER CURIAM, December 9, 1943:

After hearing the argument on this appeal, we are of one mind, that the best interest of the three-year-old girl, whose custody is here involved—which is the main consideration governing our action—requires a rehearing of the case by the court below, at which time the mother of the child can be fully heard, and examined and cross-examined with respect to matters relating to her personal care of the child and affecting her fitness to have custody of her. We must point out again, however, that reports of investigators, agents, and doctors cannot be received in evidence, or considered by the court, in a contested case. See *Com. ex rel. Ritter v. Ritter,* 91 Pa. Superior Ct. 563, 565; *Com. v. Varner,* 103 Pa. Superior Ct. 149, 153, 156 A. 545; *Com. ex rel. Mark v. Mark,* 115 Pa. Superior Ct. 181, 183, 175 A. 289; *Com. ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 476, 193 A. 83; *Com. ex rel. Knode v. Knode,* 145 Pa. Superior Ct. 1, 4, 20 A. 2d 896. The investigators, agents, doctors, etc., must themselves be produced, sworn and examined as witnesses and be subject to cross-examination, just as all other witnesses. We thought we had already made this sufficiently clear, but, nevertheless, our ruling was not followed here. Furthermore, in this case, the doctor, who was not called as a witness in court, not only made an examination of the child and submitted a report, but also included in it a recommendation as to the custody of the child, which was followed by the judge. This, in effect, put the decision of the case in the hands of one who had no legal authority to make it. The practice should not be repeated.

The order is reversed and the record is remanded to the court below for a further hearing and determination upon the competent evidence in the case,—including the competent testimony adduced at the former hearings. It is further ordered that the child be not removed from the State pending the hearing and determination of the case.