## Commonwealth *v.* Elliott, Appellant.

Argued April 20, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY and RENO, JJ. (JAMES J., absent).

478

*Carroll Caruthers,* for appellant.

*Joseph M. Loughran,* of, *Scales, Loughran & Shaw,* and *C. Ward Eicher,* Assistant District Attorney, with them *Edward Greb Bauer,* District Attorney, for appellee.

OPINION BY RHODES, J., July 15, 1944:

Defendant presented a petition on December 17, 1943, under the Act of June 19, 1939, P. L. 440, 17 PS §263, to reduce an order for support made under section 733 of the Act of June 24, 1939, P. L. 872, 18 PS §4733. See *Com. v. Shankel,* 144 Pa. Superior Ct. 476, 477, 19 A. 2d 493. An answer was filed to the petition on December 23, 1943. The matter came on for hearing before the court of quarter sessions on December 31, 1943, and the order of the court was that defendant "pay the costs of prosecution," and "pay ...... for use of Elsie Elliott [the prosecutrix] the sum of $75.00 per month, payable monthly, on the first Monday of each and every month for the support of herself and children and to enter bond with approved sureties in the sum of $1,000.00 and stand committed until sentence is complied with." Defendant appealed, and on January 13, 1944, writ of certiorari was issued from this court and filed in the court below on January 20, 1944. On January 25, 1944, the court filed a statement of facts, opinion, and amended order. The order of December 31, 1943, was amended; and on January 28, 1944, the

court on petition of the prosecutrix made a further amendment. No change was made in the amount payable.

The record before us does not contain any testimony that may have been taken in the court below. See *Com. ex rel. Knode v. Knode,* 145 Pa. Superior Ct. 1, 2, 20 A. 2d 896. It does not indicate what witnesses, if any, were sworn and testified. Since the Act of April 18, 1919, P. L. 72, 12 PS §1165, the testimony taken in the court below is to be reviewed by us on appeal as a part of the record. *Com. ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 476, 193 A. 83; *Com. ex rel. Boysen v. Boysen,* 133 Pa. Superior Ct. 329, 331, 2 A. 2d 558.

The order of December 31, 1943, as to the amount ordered to be paid, is identical with the order of March 12, 1940, which defendant sought to have modified.

Although the burden was on defendant to prove such changes in conditions and circumstances as would justify a modification of the original order, he was entitled to a proper hearing. Orders for support must be based on existing circumstances, and they may be changed accordingly; they are not final. *Com. ex rel. Milne v. Milne,* 150 Pa. Superior Ct. 606, 609, 29 A. 2d 228; *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202 203, 30 A. 2d 437. In matters of this kind it is largely within the discretionary power of the court to appraise the facts, and we do not interfere unless an abuse of discretion appears; but from the present state of the record we are unable to pass upon the action of the court below. If any testimony was taken it should appear in the record to give us an opportunity to properly review it, which is our duty. *Com. ex rel. Mosey v. Mosey,* 147 Pa. Superior Ct. 466, 471, 24 A. 2d 59; *Com. ex rel. Boysen v. Boysen,* supra, p. 331.

Defendant, in his petition, averred that due to changed conditions and circumstances the existing order

should be modified. He set forth therein that on March 12, 1940, an order had been entered directing him to pay the sum of $75 per month for the support of his wife, the prosecutrix, and their six minor children; that one of the children was now of full age, married, and lived with her husband and was supported by him; that another was about twenty-one years of age, employed and earning more than sufficient to support himself; that a third was sixteen years of age and employed; that his wife, the prosecutrix, divorced him in the courts of McDowell County, at Welch, West Virginia, on or about April 1, 1943; that after the divorce he had conveyed to his former wife, the prosecutrix, an improved farm consisting of 77 acres and valued at $5,000; that he had been unemployed and had only been working since November 16, 1943, and that his wages were approximately $48 a week; that he had no property other than the farm which he conveyed to the mother of their children.

If one of the children had married since the original order and two of them had become self-supporting, these would be matters for the court's consideration on the petition for modification. Likewise, if, in the meantime, the prosecutrix had divorced defendant and he had thereafter conveyed the farm to her for their children's protection, these would be facts relevant to the issue. In any event, defendant was entitled to have an opportunity to prove his case. *Com. ex rel. Knode v. Knode,* supra, p. 4.

It is sufficient to repeat what we said in *Com. ex rel. McClenen v. McClenen,* supra, 127 Pa. Superior Ct. 471, at page 476, 193 A. 83, at page 85, as it is applicable to the record before us: "In his opinion filed pursuant to our rule of court No. 58, the judge who heard the case went out of the record in this proceeding and referred to matters not before us for consideration, some of them apparently obtained from court investigators, who were

not sworn as witnesses nor subjected to cross-examination, and whose reports should not have been given consideration by the judge in this proceeding: *Com. ex rel. Ritter v. Ritter,* 91 Pa. Superior Ct. 563, 565; *Com. v. Varner,* 103 Pa. Superior Ct. 149, 153, 156 A. 545; *Com. ex rel. Mark v. Mark,* 115 Pa. Superior Ct. 181, 182, 183, 175 A. 289. Furthermore, the judge attempted to do after the hearing what he had not done at the hearing, to wit, make findings in support of his decision. This he could not do. The orderly course was to have a full hearing on the merits, make findings of fact from the evidence received in court, and on the basis of those findings, enter a decision and order."

The order of the court below is reversed; the record is remitted for further hearing, findings of fact, and order based thereon.