Commonwealth ex rel. Rubertucci *v.* Rubertucci, Appellant.

Argued October 8, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William Langton Rubin,* for appellant.

*Joseph G. Feldman,* for appellee.

OPINION BY RENO, J., October 30, 1946:

In this habeas corpus proceeding the court below awarded custody of a five-year-old daughter to the father. Our independent study of the testimony, commanded by the Act of July 11, 1917, P. L. 817, 12 PS §1874, has produced an affirmance of the order.

In addition to the mother's serious violations of her marital obligations and the moral code, which the testimony establishes only too well, and which need not be recited here, other weighty factors indicate that the welfare of the child, which is the governing criterion, *Com. ex rel. v. Pescatore,* 158 Pa. Superior Ct. 349, 45 A. 2d 259, will be best served in the home which her father will provide. The physical and the overcrowded condition of the home of the mother's parents in which the child has been maintained, the general behavior of members of that household, and specifically their undeserved whipping of the child, have not been conducive to its wellbeing. The child's precocious vocabulary of opprobrious epithets is attributable only to an unwholesome environment. The mother's conduct, her sojourn at a seashore resort while the child was hospitalized, denotes a

degree of indifference which might spell permanent harm to a child whose eyes seemingly require constant medical attention. The father's moral and financial status has not been questioned, and there is every assurance that under his care the daughter will enjoy the advantages which her age and condition require.

Ordinarily, reliance by a court upon reports of court investigators concerning the conditions of the parties' respective homes constitutes reversible error. *Com. ex rel. Mark v. Mark,* 115 Pa. Superior Ct. 181, 175 A. 289; *Com. ex rel. Oncay v. Oncay,* 153 Pa. Superior Ct. 569, 34 A. 2d 839. In this case, however, appellant's attorney stated at the hearing: "I assume that the court makes a regular examination of the conditions in her [respondent's] home as part of the case", to which the hearing judge replied, "That has been done already", and, without objection, read into the record a summarization of the reports. Having virtually invited the court to utilize the information secured by an investigation appellant cannot now be heard to complain.

Order affirmed.