# Commonwealth ex rel. Arbitman, Appellant, v. Arbitman.

530

Argued September 29, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Reuben Singer*, for appellant.

*Morris Shafritz*, for appellee.

OPINION BY ROSS, J., November 12, 1947:

This is a preceeding for support brought by a wife under section 733 of the Act of June 24, 1939, P. L. 872, 18 PS 4733, which in substance is a re-enactment of the Act of April 13, 1867, P. L. 78, 18 PS 1251 as amended. *Commonwealth v. Shankel,* 144 Pa. Superior Ct. 476, 19

A. 2d 493. The court below, after finding that "the defendant did not separate himself from the petitioner without reasonable cause, but that on the contrary the relatrix without adequate legal reason voluntarily left the defendant without his consent; that the defendant in good faith thereafter made an offer to provide a suitable home for the wife separate and apart from her sister, and that the wife failed to accept this offer", dismissed the wife's petition and refused to make an order for her support and she has taken this appeal.

Since the Act of April 18, 1919, P. L. 72, 12 PS 1165, the testimony taken in the court below in a support proceeding is to be reviewed by us on appeal as a part of the record. *Commonwealth v. Elliott*, 155 Pa. Superior Ct. 477, 38 A. 2d 531. The question before us is whether there is evidence to sustain the order dismissing the petition of the wife on any valid ground. *Commonwealth ex rel. Myerson v. Myerson*, 160 Pa. Superior Ct. 432, 51 A. 2d 350; *Commonwealth ex rel. Boysen v. Boysen*, 133 Pa. Superior Ct. 329, 2 A. 2d 558.

The parties were married on September 5, 1936 and resided together until September 17, 1946, when the relatrix left the marital habitation. The relatrix testified that the defendant on September 2, 1946, committed an assault and battery on her. This is denied by the defendant. The relatrix also testified that the defendant on that date struck at her and swore at her. It is in evidence that a sister of the relatrix had moved in with the couple and that the domestic difficulties between husband and wife were largely caused by her presence in the household. The defendant testified that he had made many efforts to get the sister out of the home and finally, after renting an apartment for her, she left. However, when she left the relatrix went with her and has resided with her since that time.

The burden was on the wife to prove that the husband's conduct justified her in leaving him or that he consented to a separation *(Com. of Pa. v. Bachman,* 108

Pa. Superior Ct. 422, 164 A. 833) and from a careful reading of the record it is our opinion that the wife did not meet the burden imposed upon her. The evidence discloses that her withdrawal from the marital habitation was without legal reason and, therefore, defeats her right to a support order. *Commonwealth v. Sincavage,* 153 Pa. Superior Ct. 457, 34 A. 2d 266. Moreover, the defendant testified that he requested his wife to return to live with him provided that she did not bring the sister home with her and that the relatrix refused and still refuses to return to him. The learned court below, who had the advantage of seeing and hearing the witnesses, believed that the husband's offer was made in good faith and the record discloses nothing that would justify our rejecting that conclusion.

Subsequent to the order of the court dismissing relatrix's petition, she presented a petition for rehearing setting forth, inter alia, that because of illness a witness for her was not able to be present and testify at the original hearing. However, no motion was made at any time before or during the hearing for a continuance for the purpose of securing the presence of the absent witness. The petition for rehearing was addressed to the sound discretion of the trial judge, and from a reading of the record we are not convinced that there was an abuse of that discretion.

The Act of May 11, 1927, P. L. 972, amending section 4 of the Act of May 19, 1897, P. L. 67, 12 PS 1136, provides: "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions . . . unless taken within forty-five days from the entry of the sentence or order . . .", and this statute applies to a support proceeding instituted in the Municipal Court of Philadelphia County. *Commonwealth ex rel. Bundy v. Bundy,* 159 Pa. Superior Ct. 153, 47 A. 2d 537. The appeal in this case must be dismissed as not being taken within the time allowed. The petition was dismissed on Novem-

ber 6, 1946. There was no stay of proceedings and this appeal was not taken until December 30, 1946, and the filing of the petition for rehearing, which was refused on December 12, 1946, does not extend the time for taking the appeal. 9 Standard Pennsylvania Practice, sec. 215, p. 172.

Appeal dismissed.