Commonwealth ex rel. Balick *v.* Balick, Appellant.

Argued October 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*David Kanner,* for appellant.

*T. Z. Minehart,* with him *Maurice A. Bank,* for appellee.

PER CURIAM, December 2, 1952:

Respondent, the mother of two children—a girl born May 18, 1943, and a boy born April —, 1945— has appealed from an order of the Municipal Court of Philadelphia awarding the custody of the children to the relator, their father, who resides and has his place of business in Wilmington, Delaware. He was permitted to take the children out of the State upon the furnishing of bond in the sum of $500. Respondent resides with her parents in Philadelphia. The parties have been separated since 1947.

The order of the court below is based on the report of a court-appointed psychiatrist, by whom both parties agreed to be examined. But nowhere does it appear, as contended by appellee, that they agreed that the report should be incorporated into the record or that the decision of the court, which was reserved pending the examination, should be based on the report without further hearing.

The case is ruled squarely by *Commonwealth ex rel. Oncay v. Oncay,* 153 Pa. Superior Ct. 569, 34 A. 2d 839, a child custody case. In reversing the court below, which incidentally was the same court as here, except that there was a different hearing judge, this Court said (p. 570) : "We must point out again . . . that reports of investigators, agents, and doctors cannot be received in evidence, or considered by the court, in a contested case. See Com. ex rel. Ritter v. Ritter, 91 Pa. Superior Ct. 563, 565; Com. v. Varner, 103 Pa. Superior Ct. 149, 153, 156 A. 545; Com. ex rel. Mark v. Mark, 115 Pa. Superior Ct. 181, 183, 175 A. 289; Com. ex rel. McClenen v. McClenen, 127 Pa. Superior Ct. 471, 476, 193 A. 83; Com. ex rel. Knode v. Knode, 145 Pa. Superior Ct. 1, 4, 20 A. 2d 896. The investigators, agents, doctors, etc., must themselves be produced, sworn and examined as witnesses and be sub-

ject to cross-examination, just as all other witnesses. We thought we had already made this sufficiently clear, but, nevertheless, our ruling was not followed here."

The order is reversed, and the record is remanded to the court below for further hearing in accordance with this opinion.