Commonwealth ex rel. Sosiak *v.* Sosiak, Appellant.

Argued September 27, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*John Michael Doodan,* for appellant.

*Sidney B. Berg,* for appellee.

OPINION BY WOODSIDE, J., January 14, 1955:

This is an appeal from an order of support made against the respondent by the Municipal Court of Philadelphia in the sum of $13 per week for the support of his wife. The respondent contends that his wife left him without adequate legal reason and is therefore not entitled to an order.

"A voluntary withdrawal of a wife from her husband without adequate legal reason defeats her right to an order of support . . . But if the separation is with the consent of the husband, the wife nevertheless is entitled to support until his consent is withdrawn." *Com. v. Sincavage,* 153 Pa. Superior Ct. 457, 460, 34 A. 2d 266 (1943).

The trial court found from the evidence that the wife had adequate legal reason to leave her husband.

It is the duty of this court to examine the record to determine whether there is sufficient evidence to sustain the judgment of the Municipal Court. *Com. v. MacMaster,* 88 Pa. Superior Ct. 37, 38 (1926); *Com. ex rel. Boysen v. Boysen,* 133 Pa. Superior Ct. 329, 331, 2 A. 2d 558 (1938); *Com. ex rel. Myerson v. Myerson,*

160 Pa. Superior Ct. 432, 433, 51 A. 2d 350 (1947).

It is not for us to decide whether we would have made a similar order, or in fact, any order at all, but merely to determine whether the trial court is chargeable with an abuse of discretion. *Com ex rel. Groff v. Groff,* 173 Pa. Superior Ct. 535, 538, 98 A. 2d 449 (1953) ; *Com. ex rel. Simmler v. Simmler,* 134 Pa. Superior Ct. 339, 344, 4 A. 2d 215 (1939) ; *Com. ex rel. v. Betts,* 76 Pa. Superior Ct. 96, 97, 98 (1921).

Judge WILLITS reviewed the testimony as follows:

"The wife claims that the Respondent was beating her, was cruel and was hiding certain medical information from her and she went to the Jefferson Hospital because she was a complete physical and nervous wreck and blames it on the Respondent. Respondent took her from doctor to doctor without stating what her trouble was and kept reminding her she was going out of her mind. Respondent was going with another woman and was quarreling with her and she said he admitted he was going with another woman. She further stated that he told her to take gas, to take sleeping pills and to drop dead, as he had somebody else. She stated, and the Court believed it to be a fact, that Respondent physically abused her. The first time this occurred was about 7 years ago when Defendant struck her because she would not sign a certain statement. As a result of that beating she had bruises along her arms. Another time about 3 years ago Respondent beat her, leaving black-and-blue marks and causing her to be treated by Dr. Louis Schatz. He also treated her for bruises on the breast which resulted from Respondent throwing a cup at her and punching her on the arms. Another time, in February, 1952, he struck her, squeezed her and threw her completely out of the house, causing deep black-and-blue bruises and marks. At that time he cursed her and . . . as a result of the latter

beating she had to stop working and could not raise her arms.

"On another occasion, in July, 1953, when living in Upper Darby, he struck her and punched her, which resulted in bruises all along her arms. While she was at the Jefferson Hospital, Respondent visited her and on one occasion said that 'Anne' was outside and wanted to come up and visit with her, and on another occasion he stated he had to leave because someone was waiting for him downstairs and he could not stay too long.

"When she left the hospital she had no intention of returning to Respondent as she could not go back under the conditions in which they had been living. Even two weeks before she went to the hospital he told her he did not want her any longer and did not want to live with her and had someone else and kept reminding her that she was losing her mind."

The respondent denied much of the testimony presented by the wife but the trial court believed the wife, and concluded that she had adequate legal reasons for separating from respondent.

There is evidence to support this, and we therefore affirm.

A wife who has separated from her husband on seeking support need not establish facts which would entitle her to a divorce. It is sufficient if she justifies living apart from her husband for any other reason adequate in law. *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 229, 57 A. 2d 720 (1948).

A temporary order was made in this case to which respondent took timely exception, and which he now questions the court's right to enter.

The wife filed her petition January 11, 1954, and on February 18, 1954 a hearing was held on it. While the wife was on the witness stand, and before the re-

spondent had an opportunity to testify, the trial judge summoned counsel to side-bar and advised them that he desired "a complete report from the Jefferson Hospital and a psychiatric examination of this lady." After a further conference in chambers the trial judge continued the case to March 9th and entered "a temporary order of $10 a week," to which order counsel for respondent objected on the ground that the court had no authority to make an order at that time.

On March 9 the court heard the balance of the testimony and entered an order that the support order would be "continued at $10 a week temporarily . . . In view of the circumstances that the woman is apparently destitute and cannot work and is in ill health."

March 19 the court entered an order of $13 per week.

The appellant has posed a question on which neither party cites any law.

It has been held that a support order can be made effective only from the date of its entry, *Com. ex rel. Kenny v. Kenny,* 169 Pa. Superior Ct. 152, 154, 82 A. 2d 552 (1951) ; although where the court enters an inadequate order, or improperly refuses to enter any order, on being reversed by this court the order entered by the court below upon return of the record to it should date back to the date of the original decree. *Com. ex rel. Herman v. Herman,* 97 Pa. Superior Ct. 453, 458 (1929).

Section 7 of the Act of July 13, 1953, P. L. 431, 62 PS 2043.37 provides "An order of support may be made effective from the date of the filing of the complaint."

Whether the legislature can authorize a court to make an order of support retroactive is not before us.

Here the order is not retroactive. Of course, the court should ordinarily hear all the testimony before making an order, but in matters of support the courts

must have broad powers to meet the exigencies of particular cases. The legislature recognized this in providing as it did in Section 7, supra. Wives and children must eat even during time of litigation and if the husband-father does not support them during that time they may well become public charges. While in this twilight zone of liability between the first taking of testimony and the final determination by the trial court, justice and equity require the doubts to be resolved against the husband.

In our opinion an order should be made before all the testimony is taken *only* if the exigencies of the case demand it. Furthermore, if such order is entered every effort should be made by the court to bring the matter to a prompt conclusion.

In the instant case there was evidence before the trial court at the time the order was made on February 18, that the parties were married, that the wife had a nervous breakdown, that her husband had stopped supporting her, that she had no income and was physically unable to work, and that the "few thousand dollars" the parties had in the bank was withdrawn by the husband. There was no undue delay between the entry of the original order and the order of March 19.

Under these circumstances we think the court had authority to enter the order of February 18, and did not abuse its discretion in doing so even though all the testimony had not yet been taken in the case.

Order affirmed.