Commonwealth ex rel. Heineman, Appellant, *v.* Heineman.

Argued November 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Frank P. Paz,* for appellant.

*George H. Ross,* for appellee.

OPINION BY HIRT, J., January 9, 1958:

The parties were married in 1940. On March 19, 1956, the relatrix in this proceeding charged that her

husband had separated himself from her and that he had refused to support her and their children since June 31, 1955. When the matter came on for hearing on April 9, 1956, the defendant with the relatrix's consent agreed to an order of court requiring him to pay his wife $500 per month for her support and the support of their two minor daughters. The court accordingly, by Judge KAUFMAN entered an order against the defendant in that amount without the taking of testimony, thus giving effect to the agreement of the parties in settlement of the case.

On August 7, 1957, the relatrix petitioned the court for an increase in the amount of the order alleging that it was inadequate for the "needs of herself and children." She also sought an attachment of the defendant to compel him to pay $1,250, the amount that he then admittedly was in arrears on the order. After hearing on the petition held on September 10, 1957, the lower court (McBRIDE, J.) decreased the previous support order from $500 to $450 per month, and in effect allowed the defendant five years within which to make good his default on the order, by payments of but $20 per month on the $1,250 then in arrears. Moreover this order was made although the defendant had not petitioned the court for a reduction in the amount of the order nor for terms in the payment of the amount in arrears.

In the argument before us the appellant says that the defendant is a doctor of medicine with an established practice, earning in excess of $30,000 per year; and that at the hearing in the present proceeding there was no evidence of any change in his financial status since the date of the original support order. Counsel for appellee on the other hand in his argument denied that defendant's annual income is $30,000 and he asserted that the defendant is heavily in debt; he further

contended that it was developed at the hearing that the cost of maintaining relatrix and the two children did not exceed $350 per month.

Under the Act of April 18, 1919, P. L. 72, 12 PS §1165, it is for us in an appeal from a support order to review the testimony taken at the hearing to determine whether the order can be sustained on any valid ground. *Com. ex rel. Arbitman v. Arbitman,* 161 Pa. Superior Ct. 529, 55 A. 2d 586; *Com. ex rel. Sosiak v. Sosiak,* 177 Pa. Superior Ct. 116, 111 A. 2d 157. The relatrix in seeking an increase in the amount of the order had the burden of proving such change in conditions as would justify such increase. And similarly the burden was on the defendant to show changed conditions which on the other hand would justify a reduction. *Com. ex rel. Thompson v. Thompson,* 171 Pa. Superior Ct. 49, 90 A. 2d 360. We are unable to determine from this record whether the court abused its discretion in the order appealed from (*Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 21 A. 2d 236) since no transcript of the testimony at the hearing is available because it was not reported; and the hearing judge made no findings of fact from the evidence. This she was bound to do. Under the circumstances, "The orderly course was to have a full hearing on the merits, make findings of fact from the evidence received in court, and on the basis of those findings, enter a decision and order": *Commonwealth v. Elliott,* 155 Pa. Superior Ct. 477, 38 A. 2d 531. The issues in this appeal are impossible of disposition since from the present state of the record we are unable to pass upon the action of the court below. For that reason, as in the *Elliott* case, supra, the matter must be remitted for further proceedings.

The order, accordingly, is reversed and the case is remitted for hearing de novo. At the hearing the pro-

ceedings shall be reported and the testimony shall be transcribed in full, so that if necessary the propriety of the lower court's action thereon may be reviewed by us according to law. Until the pending petition of relatrix is adjudicated, defendant shall comply with the provisions of the original order of April 9, 1956 and all arrearages to the date of such disposition, shall be computed on the basis of that order; costs of this appeal to be borne by the County of Allegheny.