Commonwealth ex rel. Stinson, Appellant, *v.* Stinson.

Argued December 4, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Edward B. Bergman,* for appellant.

*John F. Solomon, Jr.,* for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from the order of the Court of Common Pleas of Montgomery County, dismissing a petition for increase in support, based on changed circumstances, by the appellant, Gilda Stinson, the mother of two minor children in her custody. The children are Robert E. and Margaret C., aged respectively 11 and 13. The appellant's former husband, Edgar Stinson, is now subject to an order of payment of $99.00 per week, the last modification being dated February 11, 1972.

On August 22, 1973, the petitioner filed her eighth petition for increased support based on changed circumstances. She asserted in her petition that: "The cost of maintaining the two children has increased in that the cost of food, clothing and all other items of maintenance have increased and there are now summer camp and private school tuition to be paid for along with musical lessons and instruments too."

The preliminary hearing held before the Domestic Relations Officer was evidently a stormy one and the Domestic Relations Officer complained to Judge SMILLIE who was trying another case that the petitioner had refused to answer either the hearing officer or the respondent's attorney's questions relating to her income and refused to detail her weekly expenses. This was related to Judge SMILLIE and, without more, the petition was dismissed by the court, out of hand. There is no transcript and the petition was dismissed solely on

the representations of the Domestic Relations Officer. The statement made to the court was unsworn and counsel for the petitioner had no opportunity to cross-examine.

I can see why, from this record, the court below became understandably irked because of the large number of petitions in this case, but court orders are temporary in nature and subject to increase or decrease on the basis of changed circumstances.

The petitioner is entitled to a hearing so that she can present the facts upon which her petition is based and her counsel should have the right to cross-examination of the court officer upon whose statements the court below dismissed the petition. A report of a court officer must not be accepted by the court without the officer being required to testify in open court under oath with the opportunity to cross-examine. *Commonwealth ex rel. McClenen v. McClenen*, 127 Pa. Superior Ct. 471, 193 A. 2d 83 (1937).

The case is remanded to the court below for a hearing on the petition to determine whether the support of the two minor children should be increased because of changed circumstances.