Opinion by
 

 Baldrige, J.,
 

 This is an appeal by the defendant from the order of the court below in a non-support proceeding brought by
 
 *468
 
 the wife under the Act of April 13, 1867, P. L. 78, §1, as amended, 18 PS §1251 et seq.
 

 The complaint of the wife set forth that her husband in June 1937, without reasonable cause, separated himself from her and thereafter neglected to support her. The case was heard in the municipal court on July 1, 1941, before Judge Shmidheiseb. The wife was the only witness called. The attorney for the defendant in cross-examination had her identify her signature on a separation agreement, but when he attempted to ask about certain provisions therein an objection was made by her attorney. The judge, after a discussion, said: “I will sustain the objection at present and you will submit briefs. We will determine, first, the admissibility of this agreement. If I find that the agreement is effective, there won’t be any order. If I find the agreement isn’t effective, then there will be a further hearing.”
 

 A hearing was then fixed for the following Wednesday, July 9, 1941, and in the meantime the attorneys were to submit briefs. The record before us shows that the defendant was sworn on that date, but no evidence taken. According to the statement of defendant’s attorney, briefs were submitted and “discussed informally” and it was agreed “to have the matter continued generally until such time as he [wife’s attorney] can discuss the matter further with his client.” Nothing was done thereafter according to the docket entries until July 30, 1941, when the judge made an order directing the husband to pay $7 a week for the support of his wife.
 

 The excluded agreement was printed as part of the record. It recites that the parties had not been living together since June 1937 owing to marital difficulties; that the wife had instituted a divorce proceeding “wherein a petition in lieu of counsel fee and alimony is to be filed on behalf of the party of the first part [the
 
 *469
 
 wife] against the party of the second part”; and that the parties desired an amicable adjustment of the various questions relating to their property as well as to the support of the wife by the husband for a lump sum. The husband was to pay the wife $1000 — $400 at the time of the signing of the agreement and the balance of $600 in instalments of $100 a month. This sum was to be in lieu of and in full payment and satisfaction of any and all monies to which the wife might be entitled for support for the rest of her natural life. She was to make no claim in the divorce proceeding then pending for counsel fees, alimony, or any other expense.
 

 From the controversy between the attorneys, as shown in the record, we gather that the wife contended that the husband failed to comply with the terms of the agreement as he paid only $700, and the husband asserted that he tendered her $300, which she refused. But there is no evidence to support either party’s contention.
 

 Reference was made by defendant’s counsel during the trial that the husband had instituted a divorce proceeding in Court of Common Pleas, No. 1, Philadelphia County, subsequent to the one introduced by his wife, and she, as respondent, petitioned the court for counsel fees and alimony. The husband, in an answer, relied upon the agreement aforesaid, alleging it was a full settlement and in lieu of any amount the wife was entitled to receive for her alimony or support for the rest of her life. The rule for alimony was made absolute and the wife was awarded $15 per week from February 16, 1940. No appeal was taken from that order.
 

 The trial judge in this case held the defense advanced is the same as that relied upon in the court of common pleas No. 1, and it is res adjudicata. We do not agree with that view. That proceeding was to permit a wife to maintain herself during the pendency of a divorce proceeding, which was not pending when the agree
 
 *470
 
 ment was signed; while the purpose of seeking an order for support is entirely different. It is possible for both proceedings to run concurrently:
 
 Heilbron v. Heilbron,
 
 158 Pa. 297, 27 A. 967.
 

 It has been frequently said that to make a matter res ad judicata there must be a concurrence in (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the person or persons to the action; and (4) identity of the quality in the persons for.and against whom the claim is made:
 
 Siegfried v. Boyd et al.,
 
 237 Pa. 55, 85 A. 72. As there is a clear distinction between proceedings for alimony pendente lite and support for maintenance, that doctrine is not applicable.
 

 It is true that separation agreements between husband and wife are valid if they are reasonable and entered into in good faith without fraud or coercion
 
 [Commonwealth v. Smith,
 
 200 Pa. 363, 49 A. 981] but as we said in
 
 Commonwealth ex rel. McClenen v. McClenen,
 
 127 Pa. Superior Ct. 471, 193 A. 83, it is not only the right, but the duty of the court in a proceeding of this kind, to inquire into the circumstances of the execution of the agreement of separation, and the terms will be enforced in the event that it meets the conditions to which we have referred.
 

 In
 
 Commonwealth v. Thomas Richards,
 
 131 Pa. 209, 220, 18 A. 1007, the court said: “If the deed of separation was fraudulently procured and the terms were unreasonable, or if after its execution it had become null and void by the acts of the parties, these facts should have been shown;......” See, also,
 
 Commonwealth ex rel. Isaacs v. Isaacs,
 
 124 Pa. Superior Ct. 450, 454, 188 A. 551.
 

 In this case we think .the agreement should have been admitted in evidence, a full inquiry had whether the husband fairly informed his wife of his financial circumstances, if she had a full understanding of the
 
 *471
 
 nature and character of the agreement, and further to determine all the facts in connection with the nonpayment of the full consideration mentioned therein and the circumstances in connection with its execution.
 

 For some reason not disclosed by the record the case terminated suddenly and an opinion was filed without hearing further testimony or argument, which evidently was contemplated. If testimony other than that before us was taken, it should appear in this record to give us an opportunity to properly review it, which is our duty. A good deal of this record consists of remarks of counsel, which are not evidence:
 
 Commonwealth ex rel. Ritter v. Ritter,
 
 91 Pa. Superior Ct. 563. There should be a full hearing in this case, the parties and their witnesses should be given an opportunity to testify so that the judge may, with a knowledge of all the pertinent, facts, determine from competent evidence adduced if the wife is justly entitled to support, and if so the fixing of a fair amount.
 

 The order of the court below is reversed and the record remitted for further hearing in accordance with this opinion.