## Commonwealth ex rel. Shearod v. Shearod

*Hazel H. Brown*, assistant district attorney, for Commonwealth.

*William T. Connor*, for defendant.

WINNET, J., April 28, 1942.—Respondent has appealed from an order of $10 per week for the support of his wife and two children. It is regrettable that we have no means of knowing the legal reason for his appeal other than his dissatisfaction with the order. On the merits, petitioner is clearly entitled to an order for the support of herself and her child.

The case has a history with this court dating back to 1931, when a petition for support was filed. The parties were in court on April 30, 1931, before Judge Gable. There were mutual complaints and the case was continued one month on probation. On June 1, 1931, they were again in court and the petition was withdrawn and the case marked "parties reconciled".

The parties next appeared in court in March of this year. Petitioner testified that she and respondent were married in April 1928, and that the conduct of respondent forced her to leave his home in 1931. She complained of abusive treatment. She testified that he slept with a

razor under the pillow and on the day of the separation told her that she had better be gone when he got home in the afternoon. She left and he has not supported his family since that time.

At the time of the separation, sometime after June 1, 1931, she had one child and another one was born in December of that same year.* Since that time she moved to Trenton, living on "relief", and then back to Philadelphia, where she resides at the present time.

Respondent denied that he abused her and stated that she left him. He also denied the parentage of the second child.

On the merits of the case we found for petitioner. Having seen and heard both of them we believed her and found as a fact that respondent caused her to leave their common home. Respondent's case was not helped any by his attempts to deny that he was ever in the court before. The notes of testimony clearly indicate that he was before Judge Gable and the petition was withdrawn because the parties were reconciled. During the period of gestation of the child, therefore, he was living with petitioner and he cannot now challenge the parentage of the child. Even if they did not live together he cannot testify to nonaccess. It is well settled that neither the wife nor the husband can testify to nonaccess and thus bastardize a child: Commonwealth v. DiMatteo, 124 Pa. Superior Ct. 277.

Respondent is employed at Linn's Bakery and is earning $22 per week. In addition he gets two meals a day. On the basis of these earnings $10 per week for wife and two children, ages 12 and 11, is a reasonable order. The court went into respondent's expenses and there is sufficient left for him to keep himself.

Although there was some reference to probation

---

* Petitioner was confused as to the date of separation. The psychiatric report showed mental retardation and accounted for the confusion. It was fortunate, therefore, that we had the notes of testimony of the old hearing.

records, the court did not use them in coming to a decision. The issue was clearly made out by the testimony of petitioner and respondent. In glancing at the probation record, the court did say petitioner's complaint about defendant sleeping with a razor under his pillow was not a new one and was stated to the probation department 11 years ago when she first applied for relief to the court. There was no such use of the probation record as was condemned in Commonwealth ex rel. v. Ritter, 91 Pa. Superior Ct. 563, 565.

Counsel for respondent insisted that, since respondent had instituted a divorce action, petitioner cannot apply for support in this court but must obtain alimony in those proceedings. This never was the law. As long as she is not getting alimony in the divorce proceedings she can come to this court to obtain support. See Commonwealth ex rel. v. Mosey, 147 Pa. Superior Ct. 466, decided on January 30, 1942.

Counsel for respondent also contended that petitioner should be barred because she waited so many years before she made her application again to this court. Support follows from the family relationship. It will be given when that family relationship exists. Laches cannot bar the right to it. Only such conduct on the part of a wife as would be a valid ground for a decree in divorce can be cause for refusing her support: Commonwealth ex rel. v. Herman, 95 Pa. Superior Ct. 510.

In the opinion of the court this was a clear case for an order for support of the wife and two children. It is for the protection of people like petitioner and her children that this court exists. It was fortunate that we had notes of testimony and records to indicate where the truth lay. The district attorney properly brought out facts in her favor and objected to an attempt to confuse her. It is to be hoped, but highly doubtful, that petitioner will have the same protection in the divorce proceedings.