Commonwealth ex rel. Mosey, Appellant, *v.*
Mosey.

Argued September 29, 1942.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*G. A. Wilderman,* with him *Solomon Freedman,* for
appellant.

*Albert S. Herskowitz,* for appellee.

PER CURIAM, October 14, 1942:

This case must go back to the lower court again. See 147 Pa. Superior Ct. 466, 24 A. 2d 59. On the previous appeal we reversed the order of support in favor of the wife because the court had refused to receive in evidence, or give consideration to, a separation agreement entered into on August 31, 1937, by the terms of which the husband agreed to pay and the wife agreed to accept the sum of $1000—$400 paid at the signing of the agreement and $600 in monthly instalments of $100 each—in lieu of and in full payment and satisfaction for any and all moneys the wife might be entitled to receive from him for the rest of her natural life. The ground for this action by the lower court was its ruling that the separation agreement had been adjudicated to be invalid in a prior proceeding in the common pleas. We held this ruling to be erroneous.

We pointed out in the opinion that the validity of the separation agreement depended on whether it had been entered into without fraud or coercion *and* was reasonable. And we remitted the matter to the court below that it might hear testimony and determine those issues before passing on the other matters involved in the proceeding.

When the case came up for reconsideration in the court below, no testimony was offered by either side as to the reasonableness of the agreement when it was entered into on August 31, 1937. Testimony was taken as to the respondent's financial condition at the date of the hearing; but this would be relevant only in case the separation agreement was held invalid, either (1) because it was obtained by fraud or coercion, or (2) because it was unreasonable in its terms and provisions. The court found—and properly so, in our opinion—that no fraud or coercion had been used by the husband to induce his wife to sign the agreement. She was represented by counsel *when it was signed,*

although he had no part in its preparation. But the court made no definite finding that the agreement was reasonable, and yet held it to be a bar to the wife's proceeding for support. The court's ruling was as follows:

"A full inquiry was had whether the husband fairly informed his wife of his financial circumstances [and] she had a full understanding of the nature and character of the agreement.

"On the basis of this inquiry, I find that the agreement was entered into in good faith without fraud or coercion. I cannot find as a fact that the agreement was a reasonable one. The petitioner, however, was represented by counsel. She knew the exact *nature* of the respondent's business, and knowing all this, she, nevertheless, entered into the agreement. I, therefore, conclude that she is bound by it." (Italics supplied).

Appellant contends that this was a finding by the court below that the separation agreement was an *unreasonable* one. We do not so understand it. As the parties produced no testimony at the hearing which would warrant a finding as to the husband's financial condition in August 1937 when the agreement was made, the trial judge could not find that it was reasonable, but he did not find that it was unreasonable. In our opinion the validity and enforceability of the agreement must now rest on the question of its reasonableness when entered into. See *Com. v. Smith,* 200 Pa. 363, 49 A. 981, affirming 13 Pa. Superior Ct. 358. If it was not fully carried out, it was because the wife refused to accept further payments. The wife's testimony on a prior hearing that her husband had told her he was earning or getting $250 to $275 a week from his business, does not definitely state whether those were his gross or net earnings. The husband should certainly be able to testify as to his approximate net earnings and income and his financial condition *at that time.*

In the circumstances present in this case, the duty rested on the husband to produce affirmative proof that the agreement was not unreasonable when made, having regard to his property and income at that time. See *Com. ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 475, 193 A. 83, and cases cited therein; and the same case in 131 Pa. Superior Ct. 293, 294-5, 200 A. 110. If he was then earning $250 to $275 a week net, it was a grossly unreasonable settlement. If his net earnings then were approximately what he testified they were at the time of the last hearing, the settlement would not be so unreasonable as to require the agreement to be set aside on that ground.

Order reversed and record remitted for further proceedings consistent herewith.