## Conway, Appellant, v. Conway.

Argued October 4, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, RENO and JAMES, JJ.

*C. Max Ivins,* for appellant.

*Henry D. O'Connor, with him Geoffrey J. Cunniff,* for appellee.

OPINION BY KELLER, P. J., November 20, 1944:

The libellant in this divorce action has appealed from an order of the court below directing him to pay his wife, the respondent, alimony pendente lite in the sum of $15 per week and a counsel fee of $35.

His defense is based on a written agreement entered into between them, dated December 21, 1943, but signed by the wife about a week later, by the terms of which the husband agreed to pay his wife the sum of $180—payable $30 per month, and representing the rent of her apartment for six months—"to be in lieu of all support, alimony pendente lite, counsel fee, witness fee and costs to which Amie Mary Conway would be entitled to, either as the wife of Francis L. Conway or as the libellant or respondent in any divorce action which may be instituted by either of the parties at

any time in the future; said Amie Mary Conway agrees to accept the indicated sum in lieu of her rights as aforesaid."

The agreement also set forth that the husband assigned to his wife all of his right, title and interest in the household furniture, etc. located at 128 South 52nd Street, Philadelphia, in the apartment theretofore occupied by them as husband and wife; and he released to his wife all his interest in a certain deposit in their joint names in the Philadelphia Saving Fund Society in the sum of $139. And each waived and gave up all interest of any nature in the property, real or personal, of the other.

The agreement was prepared by the husband's attorney. The wife had no attorney and was not disposed to sign it, but was led to believe that by doing so she would better her chances of securing a reconciliation with her husband.

According to her testimony, which was not denied or contradicted—the husband presented no oral evidence —her husband left their common home, in the apartment above mentioned, on November 19, 1943. She found out where he was staying and went to see him in an effort to induce him to come back, but he locked the door and would not let her in. His attorney called to see her on December 19, 1943, and made an appointment with her to call at his office on December 21, in an endeavor to "patch up the matter" and "save the marriage."

Her unwillingness to sign the agreement, except as an approach to a reconciliation, is clearly evident from her testimony and she was apparently misled— not intentionally by her husband's counsel, we feel sure—into believing that her execution of the agreement might help to promote that object. As a matter of fact, the same evening (January 8, 1944) that her

husband left at her apartment a copy of the agreement which she had signed the week before, but had not been given a copy, and within ten minutes thereafter, she was served with a copy of the subpoena in divorce, the libel having been filed January 5, 1944.

The hearing Judge gave the matter careful consideration and arrived at the conclusion that "the respondent was more interested in trying to obtain a reconciliation between herself and her husband, and was not in a proper state of mind to fully comprehend the effect of the agreement on her; and in view of all the circumstances incident to the preparation and signing of the agreement, including the fact that she was not represented by counsel, the agreement was not bona fide, was unfair and unreasonable, and the amount provided for her in the agreement was inadequate for her needs and not commensurate with libellant's ability to provide for her."

The testimony supports the court's conclusion as to the inadequacy and unreasonableness of the consideration moving to the wife, and we find no abuse of discretion in its so holding and in the order based thereon.

The cases chiefly relied on by the appellant (*Miller v. Miller*, 284 Pa. 414, 131 A. 236; *Irvin v. Irvin*, 169 Pa. 529, 32 A. 445; *Greene v. Greene*, 150 Pa. Superior Ct. 182, 27 A. 2d 525) were all cases where adequate provision had been made for the wife by the husband in the agreement of separation, a divorce had subsequently been obtained, and an attempt was afterwards made to set aside the agreement on the ground that it was invalid as against public policy, in that it was entered into as a part of a plan to obtain a divorce. In the *Miller* and *Irvin* cases, the divorced wife brought an action to *enforce* the agreement, and the husband defended on the ground of its invalidity. In the *Greene* case, the wife brought proceedings to annul the decree

of divorce obtained by her husband, on the ground of collusion in obtaining the divorce.

They bear no likeness to this case on the facts. The other cases cited by appellant are also distinguishable in their facts, and support the holding that, following a hearing as to the circumstances in the case, the matter is largely in the sound discretion of the court below and its order will be reversed only for a clear abuse of that discretion.

See *Com. ex rel. McClenen v. McClenen*, 127 Pa. Superior Ct. 471, 193 A. 83, and 131 Pa. Superior Ct. 293, 200 A. 110; *Com. ex rel. Mosey v. Mosey*, 150 Pa. Superior Ct. 416, 28 A. 2d 500.

The order is affirmed; appellant to pay the costs.