## Commonwealth ex rel. Rey, Appellant, *v.* Rey.

Argued April 10, 1946. Before BALDRIGE, P. J. RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Kenneth W. Rice,* District Attorney, with him *J. Perry Eckels,* for appellant.

*Gerald D. Prather,* with him *Kent & Kent,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

This proceeding for support was brought under Section 733 of the Penal Code of 1939 [18 P.S. 4733] formerly the Act of 1867. Support was sought for the wife and the two children, five and two years of age respectively. The defendant offered no testimony and the court below discharged him because of a separation agreement entered into between them.

The effect of a separation agreement is carefully discussed in *Commonwealth v. Richards,* 126 Pa. Superior Ct. 517, 191 A. 634, in which it was held, following *Commonwealth ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 188 A. 551, that it does not oust the jurisdiction of the court of quarter sessions. It is for the court to find whether or not the terms of the agreement are reasonable, made without fraud or coercion, and have been carried out in good faith: *Commonwealth ex rel. Mosey v. Mosey,* 150 Pa. Superior Ct. 416, 28 A. 2d 500; *Commonwealth ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 193 A. 83.

The separation agreement in this case was no bar, either in fact or in law. The relatrix is about thirty years of age. The husband is about the same age and has earnings of approximately $400.00 per month. They have two children, five and two years of age respectively. The separation agreement called upon the defendant to pay his wife $300.00 in three successive monthly payments.

This was not only inadequate but entirely unreasonable. Nor was it carried out, and a payment of $100.00 for the wife was in default for almost a month when this prosecution was begun. Defendant sought to cure the default by tendering checks to her counsel three days before the case was tried in court. The same agreement covenanted for support for the two children at the rate of $50.00 a month. This, too, had not been carried out. But in no event is such an agreement a bar to the minor children.

The relatrix is entitled to an order of support (for herself and children) which is reasonable and adequate under all of the circumstances, including their station in life, the earning capacity of both, their respective incomes, and what capital each may have. Where the defendant does not take the witness stand and divulge his financial status, the court should draw liberal inferences in favor of the wife from the testimony of the Commonwealth.

Here a residence had been purchased and the deed taken in the name of the husband and wife by the entireties. This was an executed gift by the husband to the wife even if she had put nothing in it. She did, however, put in $800.00 borrowed from her father. The husband and wife joined in a deed for approximately $4000.00, which was divided between them, except that from her $2000.00 she was required to pay back the loan from her father of $800.00. Her share of the proceeds was hers. The circumstance that she had $1200.00 which came to her as a gift from her husband should be considered by the court, but it was not at all controlling. Likewise it was a circumstance that the husband received $2000.00 from this property.

The objective of the proceeding is that the wife and children be adequately supported within the means and circumstances of the father, and according to all the circumstances.

The order of the court below is reversed with a procedendo.