## Commonwealth ex rel. v. Miller

*Daniel M. Garrahan*, for Commonwealth.
*Isadore Rapoport*, for defendant.

DIEFENDERFER, J., June 2, 1947.—Gladys La Wall Miller instituted this action for nonsupport against her husband, claiming the support for herself and her child

under The Penal Code of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733.

A hearing was held in court and testimony transcribed on April 21, 1947. Defendant offered in evidence a written agreement dated July 31, 1942, signed by the parties wherein it was agreed that defendant pay to prosecutrix the sum of $50 a month. The agreement alleges that prosecutrix was pregnant at the time of execution of the agreement. The said agreement further alleges that defendant was desirous of enlisting in class V-7 of the United States Naval Reserve and that said defendant had requested his wife to sign a certificate of dependency statement required by the United States Naval Reserve authorities.

The court has carefully examined all of the testimony taken at the hearing. Prosecutrix was asked why the agreement was signed and testified as follows:

"This agreement was signed because my husband went into the service, and I wanted to make sure of receiving some money, because, under the circumstances, I was afraid I wouldn't receive any. I just wanted enough for my protection."

Both parties were represented by counsel at the time of entering the agreement and there was a full disclosure of all the facts relating to preparation of said agreement. The court is reluctant to amend, alter or cancel any agreement entered into voluntarily and with the full disclosure of all facts, but is likewise, in this particular case, of the opinion that this agreement was an agreement of convenience entered into mainly for the purpose of permitting defendant to enter the United States Naval Reserve.

In the case of Commonwealth v. Mosey, 150 Pa. Superior Ct. 416, it has been held that a valid separation agreement is a defense in the proceeding and it may prevent any order being entered against the husband provided it had been entered into without fraud or coercion, was reasonable and has been actually carried out in good faith. See also Commonwealth v. McClenen,

127 Pa. Superior Ct. 471. The court has not only the right but the duty in cases of this kind to inquire into the circumstances attending the execution of the agreement and will enforce its terms only if it meets conditions above stated.

The court is of the opinion that this agreement was one of necessity, that the conditions for which it was drawn and executed have been met and that defendant has now returned from his service in the United States Naval Reserve, that having fulfilled its primary purpose, the time has now arrived when the extent of defendant's obligation toward his wife and child since born, now almost five years of age, should be measured, not by the terms of the separation contract, but by all of the circumstances appearing from the record.

At the time of the execution of the agreement, defendant was earning approximately $200 per month and at the present time he is earning almost $300 per month. The support of this child has placed a further burden on the wife and should be taken care of in a modified order. See Commonwealth v. Campbell, 128 Pa. Superior Ct. 72.

The court feels that the agreement in question has fully met the requirements at the time of its execution, but having fulfilled these requirements, the chief one of which was defendant's entry into the United States Naval Reserve, the court will, therefore, have a right to consider present-day circumstances, realizing that the agreement has served its purpose and determine what obligation defendant owes to his wife and child, born October 27, 1942, approximately three months after the signing of the agreement.

A study of the agreement itself discloses on its face the urgency and the necessity of such an agreement for the entrance of defendant into the United States Naval Reserve. It is true that he has complied with the agreement and it is to his advantage to have complied with it, but circumstances have changed and the agreement has fulfilled its original purpose.