## Commonwealth v. Roeder

*J. P. Carpenter*, for prosecutrix.
*John L. Pipa, Jr.*, for defendant.

TROUTMAN, J., January 31, 1949.—This proceeding for support is brought under section 733 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4733. Support is sought for the two minor children of defendant, Horace C. Roeder, nine and four years of age respectively. Defendant did not testify and the only evidence presented in his behalf was the offer of a written agreement and the testimony of J. P. Carpenter, attorney for the prosecutrix, that he prepared the agreement which was submitted to the attorney for defendant for his approval.

On February 15, 1946, defendant and prosecutrix entered into a written agreement whereby defendant agreed to convey to prosecutrix property held as joint

tenants by the entireties, situate in Gearhart Township, Northumberland County, said deed to be held in escrow until such time as defendant shall have secured his decree in divorce in an action instituted by him against his wife, prosecutrix, at which time the deed was to be delivered to prosecutrix. The agreement also provided that defendant shall pay to prosecutrix for the support and maintenance of their minor children, Barbara May and Constance J. Roeder, the sum of $4 per week for each child until each child shall successively arrive at the age of 16 years, at which time it shall cease and meanwhile not increase. The agreement also provided that the support order of this court made in 1945 for the support of prosecutrix and the two children shall continue until the decree in divorce has been granted. The divorce was granted in February 1946.

Prosecutrix, who has custody of the two children, contends that the support provided in the agreement between her and her former husband is insufficient to properly maintain her two minor children. She testified that the cost of living has increased and that she is unable to properly maintain them under present conditions. Defendant did not testify in his own behalf but solely relied upon the agreement made by him and his former wife prior to obtaining a final decree in divorce.

From the testimony of prosecutrix, the court is of the opinion that it is impossible to properly maintain and support the two minor children for the sum of $8 per week and that under present living conditions the amount is totally inadequate to properly provide for them. The child nine years of age attends school and must have adequate clothing. Prosecutrix, who does housework, is unable to earn sufficient amounts to support her children because of the care involved in looking after the child, who is now, four years of age.

The question raised in this case is whether the agreement is a bar to any prosecution for support of the two minor children. Defendant has paid the amount provided in the agreement for the support of his two minor children as it became due and has evidently kept all of the covenants of the said agreement and there is nothing in the record that would indicate that the agreement entered into by defendant and prosecutrix on February 15, 1946, was obtained by fraud or coercion or was unreasonable at the time of its execution.

It has been frequently held by the appellate courts that separation agreements do not oust the jurisdiction of the court of quarter sessions in a proceeding under section 733 of The Penal Code of 1939 and in such case, it is for the court to determine whether or not the terms of the agreement are reasonable, made without fraud or coercion, and have been carried out in good faith: Commonwealth ex rel. Rey v. Rey, 159 Pa. Superior Ct. 284; Commonwealth ex rel. Mosey v. Mosey, 150 Pa. Superior Ct. 416.

We are of the opinion that an agreement such as exists in this case is not binding upon the court in determining the necessities and needs of minor children. The fact that the marriage relation is dissolved did not relieve the father of the duty to support his minor children. The question of the support of minor children is one affecting the interests of the minor children and the public and any contract in relation thereto by the father and mother is not binding upon the courts in determining the necessity and needs of the minor children.

While the recent cases in Pennsylvania have construed separation agreements involving the support of the wife by the husband, in Commonwealth ex rel. Rey v. Rey, supra, which involved a separation agreement providing for payments to the wife and for support for two children at the rate of $50 a month, the

Superior Court very aptly stated: "But in no event is such an agreement a bar to the minor children."

While $4 per week per child might have been more or less reasonable on February 15, 1946, when the children were several years younger and the cost of living not as high, we are convinced, under the testimony, that such payments are grossly inadequate to properly provide for these minor children now. The only testimony as to the earnings of the father was that given by prosecutrix in which she stated that he was a bricklayer and that sometime ago he stated that he would not work for less than $1.75 per hour and that he has good work. She also testified that he owns a double home and has bonds. While the testimony as to financial ability of the father is rather indefinite, nevertheless, defendant did not take the witness stand and divulge his financial status, and under such circumstances, the court should draw liberal inferences in favor of prosecutrix from the testimony of the Commonwealth: Commonwealth ex rel. Rey v. Rey, supra.

Under the circumstances of this case defendant, the father of the minor children, should pay to prosecutrix for the support of his two minor children, the sum of $6 per week for each child or $12 per week for both children, which amounts shall include the amount of $4 per week for each child as provided in the agreement of February 15, 1946.

### Order

And now, to wit, January 31, 1949, it is hereby ordered, adjudged and decreed that defendant, Horace C. Roeder, shall pay to Emma Jane Roeder, prosecutrix, the sum of $6 per week for the support and maintenance of each of his said minor children, Barbara May and Constance J. Roeder, or the total sum of $12 per week for the support of both minor chil-

dren, said payments to include the sum of $4 per week for each child which defendant is obligated to pay under a certain agreement made with prosecutrix under date of February 15, 1946. Defendant shall enter into his own recognizance in the sum of $500 for the faithful compliance with the said order. Costs to be paid by defendant.