## Commonwealth ex rel. Wible v. Wible

*Howard M. Kuehner*, for prosecutrix.
*Louis Pokras*, for defendant.

O'DONNELL, J., November 2, 1962.—On July 19, 1962, after a hearing on a petition for support, an order was entered by this court against defendant, Edward Wible, for the payment of $45 a week for the support and maintenance of his wife, Joan, and their two minor children, Edward, born August 10, 1960, and Lisa, born October 16, 1961. Defendant has appealed from this order.

The parties were married at Manassas, Virginia, on January 9, 1960. Relatrix, 19 years of age, left her husband on April 9, 1962, for the reason as she stated that he abused her and the children. The parties were separated once before.

We believe there is ample evidence to support a finding that relatrix was justified in separating herself from her husband because of his mistreatment and abuse. On this separation the husband had ordered the relatrix to leave their home. The wife still fears her husband because of his threats to do bodily harm to her and the children.

Since the parties separated, defendant has been sending his wife, regularly, the sum of $25 per week. Relatrix, who, together with her children, lives with her mother, claims that she needs $50 a week for the support of her two minor children and herself. We deem the sum of $25 per week inadequate under the circumstances in this case.

Relatrix testified that defendant has been working for his father at the "Penn Jersey Refrigeration and Air Conditioning" for a year. She stated that she is not sure but thinks his check was "eighty-six or eighty-four" dollars a week and that he gets money from his father in addition to "the check". Defendant did not testify as to his earnings or income but his attorney stated that his take home pay is $82 a week. There is no contradiction of the additional sums paid defendant by his father employer.

Where in support proceedings defendant does not take the witness stand and divulge his financial circumstances, liberal inferences should be drawn in favor of the prosecutrix: Commonwealth ex rel. Rey v. Rey, 159 Pa. Superior Ct. 284 (1946).

In determining the appropriate amount of an order under the given circumstances of a stated case, the court is vested with broad discretionary powers to enter an appropriate award having taken into consideration the husband's property, income, earning capacity, and the family's station in society: Jones v. Jones, 348 Pa. 411 (1944); Commonwealth v. George, 358 Pa. 118 (1948).

Accepting the statement of defendant's attorney that defendant's take home pay is $82 a week, which is approximately $4,000 a year, an order of $45 a week for his wife and two children does not appear to us to be confiscatory, unreasonable or beyond defendant's capacity to pay.

In Commonwealth ex rel. Myerson v. Myerson, 160 Pa. Superior Ct. 482 (1947), a husband with an income not in excess of $4,000 a year was ordered to pay $25 a week for the support of his wife in addition to an existing order of $25 a week for the support of his daughter.

In the instant case, $25 a week for the wife alone, is less than one-third of defendant's admitted net earnings of $82 per week, and thus is less than the maximum allowable to a wife alone in these type cases. Would defendant then argue that $20 per week is too much for the support and maintenance of his two minor children? It is certainly doubtful whether $20 per week will adequately and properly maintain these two children in these inflationary times. With two small children to care for, the mother cannot be expected to earn anything to contribute to their support.

The entire burden of supporting the children must rest upon defendant to the extent of his ability.

Under the circumstances in this case, we are of the opinion that an order of $45 a week for the support and maintenance of the wife and two minor children is justified by the evidence, and is fair and reasonable and commensurate with the means and station in life of defendant.