## Commonwealth ex rel. Davidow, Appellant, *v.* Davidow.

Argued June 15, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*B. Jerome Shane,* for appellant.

*Morris C. Solomon,* with him *Solomon, Resnick & Hoffman,* for appellee.

OPINION BY WATKINS, J., November 16, 1972:

This is an appeal from the judgment of the Court of Common Pleas, Criminal Division, of Montgomery County dismissing an action for support instituted by the appellant-plaintiff, Janice Davidow, against her former husband, the defendant-appellee, Donald Davidow, for the support of a six year old minor child.

The parties to this action were divorced in 1969. The action having been brought in Philadelphia and in pursuance of that divorce proceeding, the parties entered into a separation agreement dated September 9, 1969. The pertinent portions of that agreement are as follows:

"TWELFTH: SUPPORT OF MINOR CHILD

"(a) It is specifically understood and agreed by and between the parties hereto that Husband shall pay to Wife the sum of Fifty ($50.00) Dollars per week for the care, support and maintenance of the parties' minor child until such child attains age eighteen (18) years or dies, marries or is self-supporting or emancipated, whichever, event shall first occur.

"(b) Husband further agrees that he will maintain Blue Cross and Blue Shield coverage for such child until she becomes eighteen (18) years of age or until such time as such child shall marry, become self-supporting or emancipated, whichever shall first occur.

"(c) Nothing herein contained shall be construed to relate to Husband's obligation, if any, to support the said minor child during any years in which she may obtain post high school education or to pay for such education. Husband's obligation, if any, in that respect shall be determined between the parties and, if necessary, by the Court, in accordance with the law, the requirements and the conditions of the parties and of the said minor child then obtaining, and in accordance with Husband's obligations, if any, under the then existing law. Nothing herein contained shall be deemed to prevent Husband from voluntarily paying directly to or on behalf of said minor child such sum or sums of money as he shall, in his sole and unfettered discretion, deem proper and necessary for the education and maintenance of such child at college. Any such payments shall be strictly voluntary and nothing herein contained shall be deemed to be an admission or agreement that such education is proper or necessary, or that Husband can afford to pay for same or is legally obligated in any way to pay for same.

"(d) It is specifically understood and agreed that the provisions herein contained relating to the support of the parties minor child and the provisions herein contained relating to custody of and visitation with the said minor child shall be forthwith entered, as hereinafter provided for, as part of a support order against Husband by agreement, and custody order by agreement in the Domestic Relations or Family Division of the Court of Common Pleas of Philadelphia County, and Husband and Wife agree to forthwith execute and

deliver to Wife's counsel, upon request any necessary stipulations, agreements, documents and to appear in such Court, if necessary, in order to facilitate the entry of such support and custody order under the rules of procedure of the Common Pleas Court of Philadelphia. Wife's counsel (and Husband's counsel, if he desires to be present) shall arrange for and shall supervise the entry of such order and shall state to the Court the circumstances of the parties at the time of the entry of the said order and shall cause an appropriate order to be entered reciting specifically the terms of this paragraph and paragraph Fourteenth hereof relating to custody. Each of the parties concedes the jurisdiction of the said Common Pleas Court and agrees to be bound by the Order of that Court.

"(e) The parties hereto acknowledge and agreed that the amount of support provided herein has been based upon Husband's representation and assertion; accepted and relied upon by Wife for the purposes of this Agreement, that his present gross weekly income is approximately Three Hundred ($300.00) Dollars per week. It is acknowledged and understood that Wife retains the right on behalf of the said minor child to request an increase in said support payments based upon either an increase in the income of Husband and/or a change in the child's circumstances and requirements for her living expenses, education or general welfare."

The appellant contrary to the terms of the aforesaid agreement never had the consent support order entered of record in Philadelphia and now brings an action for support in Montgomery County. The court below, after giving the appellant every opportunity to produce testimony indicating changed circumstances, dismissed the action upholding the provision of the separation agreement that jurisdiction of the support matter should be in Philadelphia.

We agree with the court below that the change of the residence of the appellant does not oust the jurisdiction which the Court of Philadelphia had once obtained. *Commonwealth v. Peters,* 178 Pa. Superior Ct. 82, 113 A. 2d 327 (1955); *Commonwealth ex rel. Milne v. Milne,* 149 Pa. Superior Ct. 100, 26 A. 2d 207 (1942).

This Court has recognized the validity of separation agreements and has enforced their provisions; and has admitted such agreements into evidence in support actions. See *Commonwealth ex rel. Mosey v. Mosey,* 150 Pa. Superior Ct. 416, 28 A. 2d 500 (1942).

The order of the court below is affirmed.