J. A17033/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT JENKINS, | : | No. 151 EDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 29, 2019,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0005669-2018

BEFORE: BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 23, 2020**

Robert Jenkins appeals from the May 29, 2019 judgment of sentence entered by the Court of Common Pleas of Bucks County following his conviction of robbery, criminal conspiracy to commit robbery, and possessing instruments of crime.[1] Patrick J. McMenamin, Jr., Esq., filed an application to withdraw his appearance on April 22, 2020, alleging that the appeal is wholly frivolous, accompanied by an **Anders** brief.[2] After careful review, we deny Attorney McMenamin's application to withdraw and remand with instructions.

The trial court set forth the following procedural history:

> On May 29, 2019, [appellant] entered a guilty plea to robbery (threatening another with/intentionally

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a), and 907(a).

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

putting another in fear of serious bodily injury), a felony of the first degree; criminal conspiracy to commit robbery, a felony of the first degree; and possessing instruments of crime, a misdemeanor of the first degree. Pursuant to a plea agreement between [appellant] and the Commonwealth, [appellant] was sentenced to a term of incarceration of six and a half to fifteen years. [Appellant] did not file a timely post-sentence motion or a direct appeal.

On August 5, 2019, [the trial] court received a letter form [appellant,] dated July 31, 2019, requesting appointment of counsel to assist him in filing "a reconsideration" and to "retract my guilty plea." Since the time for filing post-sentence motions and a direct appeal had expired, [appellant's] letter was treated as a request for relief under the Post Conviction Relief Act ("PCRA").[3] On August 19, 2019, PCRA counsel was appointed. On November 15, 2019, [the trial] court entered an agreed order granting [appellant's] request for PCRA relief and reinstating [appellant's] right to file post-sentence motions and/or a direct appeal from the judgment of sentence *nunc pro tunc*.

On November 25, 2019, [appellant] filed a motion for reconsideration of sentence *nunc pro tunc*. By order dated[] November 27, 2019, [appellant's] motion for reconsideration of sentence was denied.

On December 27, 2019, [appellant] filed [a] notice of appeal. On January 7, 2020, [appellant] was directed to file a concise statement of matters complained of on appeal [pursuant to Pa.R.A.P. 1925(b)]. On January 13, 2020, [appellant] filed his [Rule 1925(b) statement] challenging the discretionary aspects of [his] sentence.

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

Trial court opinion, 2/26/20 at 1-2 (citations, citations to the record, footnote, and extraneous capitalization omitted). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 26, 2020.

Attorney McMenamin filed with this court an ***Anders*** brief and an application to withdraw as counsel on April 22, 2020. On April 28, 2020, this court entered an order noting that Attorney McMenamin failed to attach a copy of his letter to appellant explaining appellant's rights to his application to withdraw. (Order of court, 4/28/20 (***per curiam***).) This court ordered Attorney McMenamin to provide a copy of his letter to appellant advising appellant of his rights. (***Id.***, citing ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa.Super. 2005).) On April 29, 2020, in response to this court's order, Attorney McMenamin filed with this court a copy of the letter he sent to appellant, wherein Attorney McMenamin advised appellant that he has "the right to represent [him]self or to hire private counsel to represent [him.]" (Response of appellant's counsel to the order & rule to show cause, 4/29/20, Ex. A.)

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939

- 3 -

A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed **pro se** or raise any additional points worthy of this Court's attention.

**Woods**, 939 A.2d at 898 (citations omitted).

**Commonwealth v. Hankerson**, 118 A.3d 415, 419 (Pa.Super. 2015).

Our review of Attorney McMenamin's application to withdraw and supporting documentation reveals that he has not complied with all of the foregoing requirements. We note that counsel has furnished a copy of the **Anders** brief to appellant, advised appellant of his right to retain new counsel or proceed **pro se**, and has filed with this court a copy of the letter sent to

appellant as required under **Millisock**.  **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent.").  Attorney McMenamin's letter, however, failed to advise appellant that he may raise other issues before this court.  **See Millisock**, 873 A.2d at 751 (citation omitted).

We remand and direct Attorney McMenamin to send appellant a letter, accompanied by the **Anders** brief, that complies with the directives of **Commonwealth v. Millisock**.  Attorney McMenamin shall comply with this directive within 30 days of the date of the filing of this memorandum.  Appellant may respond within 45 days of receipt of Attorney McMenamin's **Anders** brief and accompanying letter.

Application to withdraw as counsel denied.  Case remanded.  Jurisdiction retained.

Judgment Entered.

_____
JosephD.Seletyn,Esq.
Prothonotary

Date: 6/23/2020