J-S37045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KATHY C. ARIM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYPRIAN ASUMANA | : | |
| | : | |
| Appellant | : | No. 1280 EDA 2025 |

Appeal from the Order Entered April 14, 2025
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): 2019-01673,
PACSES: 505117778

BEFORE: DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 19, 2025**

Appellant, Cyprian Asumana, appeals from the order entered by the Honorable Judge Nusrat J. Love of the Delaware County Court of Common Pleas – Domestic Relations Division, denying, without prejudice, Appellant's petition to modify child support after Appellant failed to appear for the hearing scheduled to address his petition. We affirm.

On February 21, 2025, Appellant filed a Petition for Modification of a child support order entered by the Delaware County Court of Common Pleas. While awaiting a hearing on said petition, on March 26, 2025, Appellant failed to appear for a contempt hearing arising from allegations that he failed to comply with the support order he sought to modify. Appellant had applied for permission to appear at this hearing *via* telephone, but his request was denied.

_____

[*] Former Justice specially assigned to the Superior Court.

N.T. Contempt Hearing 3/26/2025 at 3-4. Due to Appellant's failure to appear, the contempt hearing was continued to April 14, 2024. ***Id.*** at 13-14. Further, the lower Court refused to grant Appellant permission to appear *via* telephone at the April hearing; rather, the court explicitly directed that Appellant appear in person. ***Id.*** Upon request of counsel for the Office of Support Enforcement, the pending contempt and modification hearings were consolidated with both to be held before the Honorable Judge Love on April 14, 2024. ***Id.*** at 16.

On that date, Appellant again failed to appear. N.T. Contempt and Modification Consolidated Hearing 4/14/2024 at 4. Upon motion of counsel for the Office of Support Enforcement, Appellant's Petition for Modification was dismissed without prejudice. ***Id.*** 17-18.

Appellant filed his notice of appeal on May 2, 2025. Both Appellant and the trial Court complied with the procedural requirements of Pa.R.A.P. 1925. On June 9, 2025, this Court entered an order to show cause addressing the appealability of some portions of the April 14, 2024, Order of the trial court. On June 26, 2025, upon consideration of responses received from Appellant and the trial court, this Court entered a subsequent Order discharging the rule to show cause and quashing Appellant's appeal as it relates to the trial court's denial of his requests to appear *via* telephone and to transfer the support matter to Florida. The remaining issues raised by Appellant are as follows:

> [1.] Whether the trial court erred and abused its discretion by dismissing Appellant's Petition for Modification of the child support order without hearing any testimony or receiving any evidence, and while counsel was present and objected to the dismissal?

SUGGESTED ANSWER: YES

[2.] Whether the trial court violated Appellant's due process rights by failing to adjudicate the Petition for Modification on its merits, instead focusing the hearing solely on unrelated contempt issues?
SUGGESTED ANSWER: YES

Appellant's Brief at 3 (renumbered).

Appellant's argument addressing his first issue on appeal is predicated on the outlandish proposition that the trial court was obligated to proceed with a hearing addressing Appellant's petition for modification of child support despite Appellant's willful failure to appear in court on the date and at the time said hearing was scheduled. None of the legal authority presented by Appellant in his brief supports the contention that the court was obligated to do so.

First, Appellant notes that Pennsylvania Rule of Civil Procedure 1910.19(c) "explicitly states that 'the trier of fact may modify or terminate the existing support order in any appropriate manner based on the evidence presented.'" Appellant's Brief at 14. We find that the language cited simply does not contemplate dismissal of a petition for failure of the petitioner to appear, and therefore it provides no authority relevant to Appellant's argument. Indeed, Appellant does not himself explain how it is he believes this rule applies to the instant case. Rather, Appellant cites to this Court's decision in *Capuano v. Capuano,* 823 A.2d 995 (2003) in conjunction with Rule 1910.19(c), ostensibly in support of the proposition that "a party seeking modification of a support order must be given the opportunity to present

evidence." Appellant's Brief at 14. While Appellant's restatement of the holding of this Court is accurate, it is not complete. In **Capuano**, this Court did reverse the decision of the lower court denying a petition for modification of support on the basis that petitioner was not permitted to present evidence in support of his cause. However, we find the instant matter clearly distinguishable in that the petitioner in **Capuano** appeared before the trial court at a *de novo* hearing pursuant to Pennsylvania Rule of Civil Procedure 1910.11 following the trial court's adoption of a recommendation provided by a hearing officer. At this *de novo* proceeding, petitioner was limited to oral argument and was denied an opportunity to present either testimony or any other evidence; we held that this denial was reversible error and clearly contrary to the plain language of Rule 1910.11. Appellant makes no coherent argument as to how this holding applies to his case, nor how it is to guide this Court in applying Rule 1910.19(c), where, here, a hearing was scheduled before the trial court, but the petitioner simply failed to appear.

Next, Appellant cites to this Court's decision in **Commonwealth ex rel. Heineman v. Heineman**, 137 A.2d 349 (Pa. Super. 1958) in support of the proposition that "[t]he coourt [sic] must make findings of fact from the evidence received in court nd [sic] enter an order based on those findings," and further "[t]he absence of such findings and explanations renders the court's actions subject to reversal." Appellant's Brief at 14. However, again, Appellant's reading of this Court's precedent is, while accurate, irrelevant, as the facts of the case on which he relies are readily distinguishable from the

matter *sub judice*, and our holding is thus inapplicable. In **Heineman**, Mrs. Heineman petitioned the trial court to increase the support obligation of Mr. Heineman; a hearing was conducted by the trial court, after which the petition was granted. Mr. Heineman appealed; however, no transcript of the testimony before the trial court was created, and the trial court made no findings of fact based upon the evidence presented. This Court therefore reversed the decision of the trial court and remitted the case for a hearing *de novo*, as "[t]he issues in [that] appeal [were] impossible of disposition since from the [] state of the record [this Court was] unable to pass upon the action of the court below." *Id.* Again, we find that this decision has no bearing on the instant matter, where transcripts of the relevant proceedings exist and were made available for this Court's thorough review.

Finally, Appellant cites to this Court's decision in **Berry v. Berry,** 278 Pa. Super. 30 (1980) arguing that the lower court "dismissing the modification without a hearing or evidence and without providing adequate explanation or legal basis constitute[s] an abuse of discretion." Appellant's Brief at 14. We fail to see how the cited decision in any way supports Appellant's contention. Our decision in **Berry** simply did not address a matter wherein a petition for modification was dismissed without a hearing, nor does it address dismissal without any evidentiary basis, nor does it address a lack of explanation or legal basis for a dismissal. Rather, in that case, the trial court dismissed a father's petition for modification of child support and denied any rehearing on the petition after the children's mother repeatedly failed to appear.

- 5 -

Nevertheless, a hearing was indeed held before the trial court, evidence was presented, and reasoning for the lower court's decision was provided. The issue which led to this Court vacating the decision of the lower court was that the hearing which did occur consisted *solely* of the trial court taking testimony from the hearing officer who had presided over the earlier proceedings at which mother did not appear. Thus, this Court found ourselves "constrained to remand," where mother's "continued failure to appear at any of the scheduled hearings [. . .] prohibit[ed] [father] from proving that there [was] a change in circumstances on [her] part," and also prevented the Department of Public Assistance from proving that mother was entitled to receive continued assistance, and therefore, that the department had right as subrogee to collect from the obligor. We see no relevant congruence between these facts, our resulting holding, and the matter *sub judice*, and Appellant in the instant case does not provide a coherent argument on that point.

As such, Appellant has failed to present any authority which supports his contention that the trial court was obligated to proceed to a hearing on his petition despite Appellant's willful failure to appear. We decline to create such an obligation from whole cloth.

In support of Appellant's second issue subject to our review, he contends that the trial court erred by failing to adjudicate his petition for modification and "diverted from the intended purpose of the [April 14] hearing" by "focusing exclusively on unrelated contempt matters" which Appellant compares to the matter reviewed by this Court in **Garr v. Peters,** 773 A.2d

183 (Pa. Super. 2001). Appellant contends that here, as in *Garr*, "the trial court transformed what should have been a hearing on custody modification into a hearing on father's contempt petition." Appellant's Brief at 16. However, we note that even the most cursory review of the record on appeal shows that the trial court in this matter did not "transform" the April 14 hearing into a contempt proceeding, nor in any sense whatsoever "diverted from the intended purpose of the hearing." *Id.* at 10. Rather, the April 14 hearing, as noted above, was scheduled to address *both* Appellant's petition for modification of child support as well as the pending contempt petition for his non-payment of support; the latter issue, we note, had been continued to that date for Appellant's previous failure to appear. Further, even granting *arguendo* that the April 14 hearing ought not to have addressed the merits of the contempt proceeding, a proposition for which Appellant provides no coherent argument, it simply did not do so. Instead, the contempt matter was continued, again, pending the appearance of Appellant at a later date and time. Thus, this argument is supported neither by any legal authority nor any factual basis, and therefore, it does not merit relief.

Said plainly, the trial court was not obligated to adjudicate Appellant's petition for modification in light of Appellant's willful failure to appear at the hearing. Further, that the trial court conducted other business relative to Appellant's child support matter, scheduled in advance for the same date and time, is of no moment.

Wherefore, for the foregoing reasons, we affirm the dismissal of Appellant's petition.

Order Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2025